## Eakins v. Drane, et al.

(Decided March 13, 1913.)

### Appeal from Webster Circuit Court.

Estoppel.—When a party having a lien on land states to a contemplated purchaser that he will release his lien on the land, and on the faith of the statement the purchaser buys the land, the party having the lien will be estopped from enforcing it to the prejudice of the purchaser.

VANCE & HEILBRONNER for appellant.

BOURLAND & HUNT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1908 F. M. Eakins and his wife sold and conveyed to H. A. Drane a tract of land containing 112¾ acres. The deed stipulated that,

"Grantors agree to release lien on the 62½ acres of this land on the south end, and being the portion situated near Sebree, Ky., but do not release the coal or mineral under said 62½ acres."

It was further provided that Drane should erect a house on the place and keep the same insured, and that F. M. Eakins should carry a life policy on the life of Drane for one or two thousand dollars to protect the deferred purchase money. The consideration for this land was $2,010, in addition to some property and a lien was retained on it to secure the notes executed for the $2,010.

In February, 1910, Drane, for a valuable consideration, sold and conveyed to S. T. Sutton "The 62½ acres on the south end of boundary nearest to Sebree, Ky., together with the coal and mineral rights." After this F. M. Eakins brought this suit against Drane and Sutton seeking to subject the land sold by him and his wife to Drane—a part of which had been sold by Drane to Sutton, as stated—to the payment of the purchase price.

In answer to this suit. Sutton averred that prior to February 8, 1909, "F. M. Eakins agreed to and with this defendant to release any and all liens which he had on the mineral rights under the 62½ acres of land which had been theretofore conveyed by the said F. M. Eakins and his wife, S. E. Eakins, to Mrs. H. A. Drane, and subsequently conveyed to him by her and her husband. That pursuant to said agreement between said Eakins and this defendant and between the said Eakins and the said Dranes, the said F. M. Eakins procured his wife, S. E. Eakins, who owned the fee to the above described land conveyed to the said Dranes, to sign and execute the release of the mineral rights underlying the said 62½ acres, which release is referred to and filed herewith. He therefore says that the plaintiff is estopped to assert any claim to or lien upon said mineral lands, and defendant pleads and relies upon said estoppel as a bar to plaintiff's right to recover anything on account of said mineral land."

The release mentioned in this answer reads as follows:

"Mr. E. A. Willhite, Clerk Webster County. Dear Sir: You are hereby authorized to release the mineral right under the 62½ acres on the south portion of said land conveyed to Mrs. H. A. Drane, December 22, 1908, proceeds of sale to mineral right to be used in erecting a dwelling house as specified in deed. I further agree to carry a life insurance policy on Dr. I. H. Drane for two thousand dollars, and in case of the death of Dr. C. H. Drane before these notes have become due, I will release all claim on said dwelling said Dranes erect, and let said insurance be applied to deferred payments."

It seems from the certificate of the clerk that this paper was pasted on the margin of the record containing the deed from Eakins to Drane.

For reply to this answer Eakins, after denying that Sutton had paid the purchase price stipulated in the deed made by Drane to him, or that either he or his wife had released the lien on the land purchased by Sutton, averred,

"That the writing signed by his wife, S. E. Eakins, was not a release of any lien upon the said 62½ acres conveyed to Mrs. H. A. Drane, or by her to Sutton, or the mineral rights thereunder, but if of any effect at all, was simply an authority to E. A. Willhite, Clerk of Webster

County, to release, as far as she was concerned, the mineral rights under the said 62½ acres, provided the said mineral rights were sold and the proceeds of the said sale used in erecting a dwelling house on the other portion of the land."

He further averred that no part of the proceeds had been used in erecting a dwelling house, and that Willhite had never released the lien, and therefore the writing did not work an estoppel against the enforcement of the lien.

The case was submitted on the pleadings and the lower court adjudged that Eakins had no lien on the land purchased by Sutton. From the judgment denying a lien on this land this appeal is prosecuted.

As stated by counsel for appellant, "The issue involved in this appeal is whether appellant has the right to subject the coal and mineral rights under said 62½ acres to the payment of the purchase money notes sued on and to secure which a lien was especially retained thereon."

We might add that this issue involves the further question, which is the real one in the case, did the paper signed by Mrs. Eakins, and which it is averred without denial F. M. Eakins, her husband, procured her to execute, estop him from enforcing the lien retained in the deed to Drane against Sutton, the purchaser from Drane?

It is argued by counsel for appellant that the writing executed by Mrs. S. E. Eakins shows that it is not a release of the lien upon the coal or mineral rights under the 62½ acres, but a power of attorney given by her to Willhite authorizing him to release the mineral rights under this land conditioned upon the proceeds received from the sale of the mineral rights being used to erect a dwelling as specified in the deed to Drane, and said that as Willhite did not release the lien, and it does not appear the condition mentioned was performed, the release is of no force or effect. It is further argued that as the notes sued on were executed by Drane to F. M. Eakins, his wife, S. E. Eakins, had no authority to release the lien which was retained for his benefit.

We do not find ourselves able to agree with counsel in their construction of this paper called a release. We do not find in it any condition stipulating that the release was not to be effective unless the proceeds were used in the erection of a dwelling house. True it is provided in the release that the proceeds of the sale of the mineral

rights were to be so used, but the paper does not show expressly or by reasonable inference that the release was not to be made or be effective unless the proceeds were so applied. It would seem that this matter was put in the release merely to give further expression to the condition mentioned in the deed made by Eakins to Drane that Eakins was to have a house erected on the land not sold; nor does the fact that the lien was not in terms released on the record by Willhite impair the effectiveness of the paper as a ground of estoppel.

If Eakins and his wife had told Sutton that he might purchase the land free from the lien, and on the faith of this statement Sutton had purchased, they would be estopped from afterwards attempting to subject the land to the prejudice of Sutton, and viewed in any light the release signed by Mrs. Eakins, considered in connection with the admitted fact that Eakins procured her to execute it, cannot be treated as having less effect than their verbal declarations would have.

We think the lower court correctly ruled that Eakins was estopped from enforcing his lien on the land bought by Sutton, and the judgment is affirmed.