## Wright v. Monroe Lumber Company.

(Decided November 21, 1913).

### Appeal from Warren Circuit Court.

1. Mechanics' Liens—Amendment of 1910—Notice.—Neither the presentation of an account to the owner nor an order on him to pay one of the contractors a certain sum of money is a sufficient notice in writing, under the mechanics' lien law as amended by the Act of 1910, to enable a material-man to acquire a lien.

2. Mechanics' Liens—Payment by Owner to Material-man—Effect of. —The payment by the owner to the materialman for materials purchased by a general contractor is not an acknowledgment of personal liability by the owner.

3. Costs—Tender Prior to Bringing Suit—Effect of.—Where there is neither offer of compromise under Sections 634 and 635 of the Civil Code, nor an offer to confess judgment under section 640, nor a payment into court of the indebtedness admitted to be due, a mere tender made prior to the bringing of the action is not sufficient to relieve the defendant of the payment of costs, even though plaintiff recovers no more than the amount tendered.

T. W. and R. C. P. THOMAS for appellant.

W. B. GAINES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing on Original and Cross Appeals.

Plaintiff, Monroe Lumber Company, furnished certain materials which were used in the construction of a house by defendant, R. C. Wright, in the town of Smith's Grove, Kentucky. This action was brought to enforce a materialman's lien on the premises. On final hearing the chancellor adjudged a lien in favor of plaintiff for the sum of $25.30, and ordered a sale of the property. From that judgment the defendant appeals, and plain-

tiff prosecutes a cross appeal based on the failure to give personal judgment against the defendant.

In the year 1910 defendant made a contract with C. B. Marr and C. L. Greer, partners doing business under the firm name of Marr & Greer, to erect for him a residence in Smith's Grove. Marr & Greer were general contractors, and the contract provided for a "lock and key" job. The lumber and material furnished Marr & Greer, with the exception of the account sued on, were charged to C. B. Marr. On November 20, 1910, items of $5.05, $1.28, $3.32 and 90 cents were charged to defendant. These items, however, were ordered by Marr & Greer, and not by defendant. On December 14, 1910, 400 feet of siding ordered by Marr & Greer was charged to defendant. It is not alleged or proved that Wright ordered this siding. On January 14, 21 and 31, 1911, defendant himself ordered certain items amounting to $7.65. These items are subject to a credit of $2.90 for plaster and lime returned. It is admitted that the amount due for these items is a debt against the defendant, as the items were ordered by him personally.

Before the institution of this action defendant tendered plaintiff the sum of $5.10, although 35 cents in excess of the amount due for the items ordered by him personally. The other items sued on were charged to defendant without his knowledge or consent. On December 1, 1910, defendant gave a check to the Monroe Lumber Company for $46.87. Before giving this check defendant asked Mr. Monroe if that was all that Marr & Greer owed him, and he stated that it was.

It further appears that on December 24, 1910, J. G. Monroe, the owner of the Monroe Lumber Company, gave the following order:

"Mr. Crit Wright:

"Please pay Mr. Charlie Greer $10 for siding used in your house."

This order was for the purpose of paying a debt due Greer individually by Monroe. Greer presented the order to defendant, but defendant declined to pay same on the ground that he did not owe anything at that time. Defendant, however, told Greer to leave the order there and if there was anything due Marr & Greer on the final settlement he would pay same. The order was not left with defendant. In January, 1911, a final settlement was made between Marr & Greer and defendant, and it developed that defendant was not indebted to them at that time.

According to the evidence for plaintiff, when any materials were needed for the defendant's house, an order would be sent to his planing mill. No contract was made with any one for payment for materials. Whenever the material was ordered it was furnished. Part of the material was charged to Marr and part to Wright. The reason that it was charged to Wright was that it began to be noised about that Marr & Greer had given up the job. When the check for $46.87 was given to plaintiff, Marr & Greer came in with him, and Marr said that Mr. Monroe wanted his money. Defendant asked him the amount of it. Monroe said $46.87, and defendant gave him a check. Defendant asked if that was all he owed up to then and Monroe said that it was. Monroe, however, claims that this was a payment on account of brick alone. Along about the 1st of February plaintiff presented to defendant an account similar to the one sued on.

The materials in this case were furnished after Section 2463, Kentucky Statutes, relating to mechanics' and materialmen's liens was amended by the Act of 1910, and while that amendment was in force. That amendment is as follows:

"Provided, that no person shall acquire a lien under this section unless he shall notify in writing, the owner of the property to be held liable or his authorized agent, immediately after the last item of said material or labor is furnished, of his intention to hold said property liable, and the amount for which he will claim a lien." (Chapter 64, Acts 1910.)

The foregoing provision of the Act of 1910 is mandatory, and must be substantially followed in order to acquire a lien. Wolflin-Luhring Lumber Co. v. Mosely, et al., 152 Ky., 761. In this case Marr & Greer were general contractors. They agreed with defendant to build and complete the house. With the exception of the materials which defendant himself ordered, all the materials were ordered by and furnished to the contractors, Marr & Greer. Plaintiff insists that the presentation of the account to the defendant, and the order on the defendant to pay the sum of $10 to Greer, constituted a sufficient notice under the statute. Such, however, is not the case. Giving full force and effect to the two writings, it cannot be said that they show anything more than an intention to hold the defendant personally liable. They in no way indicate an intention on the part of the plaintiff

to hold the property liable or to assert a lien thereon. As the statutory notice was not given it follows that plaintiff did not take the steps necessary to acquire a lien. Nor is the evidence sufficient to show that the materials with the exception of those noted above were furnished at the special instance and request of the defendant. The mere fact that he gave a check to the plaintiff for the amount claimed to be due by the contractors was not an acknowledgment that the debt was his own. Indeed, 'this is the ordinary method of making such payments. The owner, for his own protection and in order to be sure that the money is applied to the payment of materials, frequently pays the money direct to the materialman instead of to the contractors, who may, in some instances, fail to pay the materialman and thus subject the premises to a lien in favor of the latter, if he take the steps necessary to acquire a lien. It follows, therefore, that plaintiff is not entitled to a personal judgment against the defendant for the whole amount sued for. However, as defendant admitted in his pleadings a personal indebtedness of $5.10, plaintiff is entitled to a personal judgment for that amount.

Defendant insists that he is not liable for costs, inasmuch as he made a tender of the amount due prior to the institution of the action. There being no offer of compromise under sections 634 and 635 of the Civil Code, nor offer to confess judgment as provided by section 640 of the Civil Code, or payment into court of the amount offered, the tender made previous to the filing of the suit was not sufficient to relieve the defendant of the payment of the costs.

Judgment reversed, both on original and cross appeals, and cause remanded with directions to enter judgment in conformity to this opinion.