## Kentucky Lumber & Millwork Company v. Montz, et al.

(Decided March 27, 1914.)

### Appeal from Jefferson Circuit Court (Chancery Branch No. 1).

1. **Assignments—Partial Assignments.**—While the general rule is that partial assignments of choses in action must be made with the consent of the party liable on account of the chose, still courts of equity have always recognized partial assignments of choses in action, for many purposes, and will protect the assignee of such choses whenever they can do so without working a hardship upon the debtor.

2.  Mechanic's Liens—Waiver.—In an action to enforce a mechanic's lien, the facts stated in appellant's cross petition and relied on as constituting a waiver of the lien, do not amount to a waiver.

KOHN, BINGHAM, SLOSS & SPINDLE for appellant.

M. A., D. A. & J. G. SACHS and JOSEPH G. SACHS, JR., for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

D. A. Thompson instituted in the Jefferson Circuit Court an action in equity against Mary C. Montz and William Montz, to enforce a mechanic's lien against property of said defendants, upon which he had under contract, constructed a house for them.

He joined in said action, as parties defendant, several sub-contractors or mechanics, and materialmen, to whom he was indebted for labor performed upon and for materials used in said house, and who were claiming liens by reason thereof; and among whom was appellant, Kentucky Lumber & Millwork Company.

The company filed an answer and counterclaim against plaintiff Thompson, and cross-petition against the defendants, Mary C. and William Montz, setting up the materials furnished by it and the value thereof, and the filing of the statement required by the statute governing liens of mechanics and materialmen.

The defendants, Mary C. and William Montz, appellees herein, filed a demurrer to the cross-petition of the lumber company, upon the ground that it failed to allege the giving of the notice required by the Act of 1910 to be given to the owner of the property upon which a lien is sought to be fixed. This demurrer was sustained by the court.

Thereupon, the lumber company filed an amended cross-petition alleging that immediately after it furnished said materials to the contractor, Thompson, said Thompson executed and delivered to it an order or assignment, reading as follows:

"Louisville, Ky., Nov. 7, 1911. Mr. Wm. Montz: Please pay to the Kentucky Lumber & Millwork Company $229.27 in full for material furnished to me by them and used in the construction of your house on Manslick Road. Yours truly, D. A. Thompson." It was further alleged that on November 7, 1911, the lumber company presented said order to the said Mary C. and William Montz, and demanded payment thereof, and at the

same time verbally notified them of its.intention to hold their said property liable for the amount of the claim, and that they agreed to pay the amount of said order as soon as they had checked up their account with the contractor, Thompson, and that they agreed that same should be paid as soon as they had finished up the work of checking up and adjusting the account with him.

A demurrer to this cross-petition as amended, was filed by appellees and was sustained by the court. By subsequent amendments, it was alleged that at the time of the giving of the said verbal notice of intention to claim a lien, the appellees owed to said contractor more than the amount due to and claimed by the various sub-contractors and materialmen, and that appellees had not since paid any of said money over to said contractor, but still have it in their hands; that appellees knew, during the progress of the work that the contractor was purchasing the material from said lumber company; that they expressly waived the statutory written notice of intention to claim a lien, by an express promise to pay the said order, and that they are, therefore, estopped.to deny the waiver because of the lumber company's reliance on said waiver, to its detriment.

Appellant's demurrer to the cross-petition as amended was again sustained by the court and appellant declining to plead further its cross-petition against said Mary C. and William Montz was dismissed, and from the judgment dismissing same this appeal is prosecuted.

1. The first question presented is whether the appellant Kentucky & Millwork Company is entitled to a lien under the Statute.

The Act of March 22, 1910, provides that "no person shall acquire a lien under this section unless he shall notify in writing the owner of the property to be held liable, or his authorized agent, immediately after the last item of said material or labor is furnished, of his intention to hold the said property liable."

Appellant contends that the giving of this notice of intention to hold the property liable, may be waived by the owner of the property, and that the allegation in the cross-petition that the defendants "agreed to pay the amount of said order as soon as they had checked up their account with the said Thompson, made at the time said order was presented," coupled with the written order setting out the amount of the claim and that it was for material furnished in the construction of appellees'

house and that appellant notified appellees at the time said order was presented of its intention to hold said property liable for the amount of its claim, was a sufficient waiver of said notice, and that appellees are estopped from relying on appellant's failure to comply with said statutory requirement. But in this we do not concur.

This court has never decided, nor do we now decide whether this requirement of the statute can be waived. But if it should be conceded that such can be done, the facts stated in appellant's cross-petition and relied on by it as constituting such waiver, are not sufficient to show that such notice was waived by appellee. Nothing is alleged to have been said by either party with reference to such notice, and the mere promise to pay "as soon as they had checked up their accounts with said Thompson" is not sufficient to show that the intention to waive notice was contemplated by either party.

It therefore follows that the court did not err in holding that appellant has no claim on the property mentioned for the payment of his claim.

2.   The second question presented upon the appeal, is whether appellant company may maintain its action upon the order executed by Thompson directing appellees to pay to appellant the sum of $229.27 out of the amount owing by said owners to said contractor, upon account of the construction of the house in question, the same being but a partial assignment of the chose.

In Columbia Finance & Trust Company v. First National Bank, 116 Ky., 364, 76 S. W., 156, 25 R., 561, this court said:

"The general rule on this subject is thus stated in 4 Cyc., 27: 'Partial assignments of such choses in action as are assignable can be made so as to entitle the assignee to the rights of a co-owner against the assignor. In England and under some of the decisions of the American courts, an order by a creditor to his debtor to pay a third party so much money out of a specific fund or debt, is a valid assignment of so much of the fund or debt. But, the weight of authority in the United States seems to be that such assignments, unless made with the consent of the party liable on account of the chose, are not binding on him, and he may discharge the liability by settlement with the assignor the same as if no assign-

ment had been made. Courts of equity, however, have always recognized partial assignments of choses in action for many purposes, and will protect the assignees of such choses whenever they can do so without working a hardship upon the debtor.' "

And, the reason for these rules is probably nowhere more clearly stated than in Harris County v. Campbell, 2 Am. St. Rep., 467, 66 Tex., 22, as follows: "It is well settled at common law that a chose in action cannot be assigned in part, so as to enable the assignee of such part to bring suit upon it; the reason of the rule is that it is unjust to the debtor to permit the creditor to split up the debt and thereby subject him to more than one suit for its collection. * * * But since all the claimants of a fund or debt may be made parties to a suit in equity, the reason of the rule does not apply to cases of equitable cognizance."

This proceeding was instituted by Thompson, the contractor, to enforce his mechanic's lien. He made parties defendants, not only the owners of the property, but also all persons to whom he was indebted for material furnished for use in, and for labor performed upon, the house which he built. He sought to have the rights of all the parties determined in so far as they arose out of, or were connected with the building of the house by him for Mary C. and William Montz.

It is an equitable proceeding, and in such proceeding, all the claimants of the debt sought to be recovered from appellees can be and are made parties, and it is proper that there should be an adjudication of whatever rights the Kentucky Lumber & Millwork Company has against Mary C. and William Montz, by virtue of the order or partial assignment executed and delivered by Thompson against the owner of the property, in payment for building materials purchased for and used by said contractor in the construction of the house in question.

The circuit court, therefore, erred in sustaining the demurrer to appellant's cross-petition and in dismissing same as to appellees, for which reason the judgment is reversed and the cause remanded for proceedings consistent with this opinion.