## Jackson, et al. Rechtin.

(Decided February 27, 1925.)

### Appeal from Muhlenberg Circuit Court.

1. Mechanics' Liens—Materialman's Lien Invalid for Failure to Give Required Notice.—Lien, asserted by materialman, where only written notice of intention to hold property subject thereto, as required under Ky. Stats., section 2463, failed to definitely state amount of claim, held invalid.

2. Mechanics' Liens—Duty of Ascertaining Amount of Lien Claim Not on Owner of Premises.—Notice of lien claim by materialman to owner, failing to state amount thereof, but suggesting that owner could ascertain same from bills in hands of contractor, held not to place duty of so doing on owner, so as to make notice, not specifying amount, sufficient.

3. Mechanics' Liens—Notice of Lien Claim Not Waived by Promise of Owner to Pay Materialman.—Promise of owner, in telephone conversation, to send check to materialman for bill due from contractor, held not waiver of requirement of written notice of lien claim.

WINLKINS & SPARKS for appellants.

WILLIS & TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellee was a materialman who furnished lumber to the contractor of appellants for the purpose of building a house on appellants' land. In this action to enforce an asserted mechanic's lien, the lower court adjudged a lien in favor of appellee as against appellants' property and ordered it sold to satisfy same. Appellant has appealed from this judgment on two grounds: first, that the lower court had no right to give a personal judgment against appellants. This may be disposed of summarily, as the judgment does not give a personal judgment against appellants, but only a lien upon their land. The other ground is that, being a subcontractor, the appellee never gave appellants notice of his intention to hold the property in lien as required by section 2463 of the statutes, which reads, so far as pertinent, as follows:

"Provided, that no person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless he shall notify in writing the owner of the property to be held liable or his authorized agent, within thirty-five days after the last item of said material or labor is furnished, of his intention to hold said property liable, and the amount for which he will claim a lien."

It is admitted that the only written notice which appellee ever sent to appellants is comprised in a letter of date October 28th, answering a previous letter written

by appellants to appellee on October 24th. The latter letter reads:

"Central City, Ky., Oct. 24, 1921.

"Theodore E. Rechtin, Evansville, Ind.

"We are writing you in regard to two house patterns, a six-room and a five-room house that E. H. Howell got. Is it all right to settle with Mr. Howell or send you the money? If you wish me to settle with you, please send statement of both houses. I have only known Mr. Howell a short time and think him a fine man but wanted to be on the safe side.

"Yours truly,
"W. L. JACKSON,
Central City, Ky., box 375."

The letter of October 28th, which it is claimed constitutes the written notice, is:

"Evansville, Ind., Oct. 28, 1921.

"Mr. W. L. Jackson, box 375, Central City, Ky.

"Dear Sir: We have your letter of the 24th inst., which has reference to lumber bills covering material ordered by Mr. Howell. We have known Mr. Howell and have done business with him for many years and have always found him to be honest, fair and upright in every respect. If there is anyone to whose customers we would say that it was all right that the money be paid to him it would certainly be Mr. Howell, but our rule is, and has been, to make no exceptions in our rule that no one is released until the amount is paid. If we were in your place we would have no fear of any trouble, and if you will hand Mr. Howell check made payable to us we are sure that he will mail it in promptly. Our bills are in Mr. Howell's hands from which you can easily get the amount due. With best wishes, we beg to be,

"Yours truly,
"THEO. E. RECHTIN."

It will be noted in this letter of October 28th there is no statement whatever of the amount for which appellee claimed or would claim a lien. In the case of Wolflin-Luhring Lumber Co. v. Mosely, 152 Ky. 701, 154 S. W. 22, the facts were that the appellant furnished certain lum-

ber to a contractor of appellee, which lumber was used in building on appellee's land. Thereafter, and within the thirty-five days, the appellant furnished the appellee a notice that it had filed a mechanic's lien in the county clerk's office on account of this lumber furnished, but this notice did not state the amount for which the lumber company claimed a lien. This court held that the notice on account of this failure was insufficient. This ruling of the court was again followed in the National Surety Co. v. Price, 162 Ky. 632, 172 S. W. 1072, and also in Wright v. Monroe Lumber Co., 156 Ky. 83, 160 S. W. 788, where the court said that the provisions of this act are mandatory and must be substantially followed in order to acquire a lien.

But it is urged that inasmuch as appellee's letter informed appellants that the amount of appellee's bills could be ascertained on inquiring of appellants' contractor, it was appellants' duty to inform themselves concerning this matter. The same argument was made in the National Surety Co. v. Price case, *supra,* and the court answered it thus: "In such a case the law does not impose upon the owner the duty of examining the records in the clerk's office for the purpose of determining the amount. The notice itself must specify the amount, and, where no amount is specified, the notice is not sufficient."

It is also urged that appellants waived the requirement of any notice. This argument is based on the fact that appellee claims to have telephoned to appellants about the bill due from the contractor, and that in this conversation over the telephone, appellant promised to send a check for the account. The named appellant denies this conversation, but, even if it be true, it does not constitute a waiver. In Kentucky Lumber & Millwork Co. v. Montz, 158 Ky. 328, 164 S. W. 935, where a similar contention was made, it appeared that the materialman verbally told the owner that he intended to hold the property in lien, and the owner thereupon agreed to pay the amount of the bill as soon as he had checked up his accounts with the contractor. The court held that without deciding whether or not the mandatory provisions of the statute in question could be waived, the conduct of the owner did not amount to a waiver. It said: "Nothing is alleged to have been said by either party with reference to such notice, and the mere promise to pay 'as soon as they had checked up their accounts with said

Thompson' is not sufficient to show that the intention to waive notice was contemplated by either party."

As appellee failed to comply with the mandatory provisions of the statute, and there had been no waiver of their requirements, it is obvious that he has no lien on appellants' property, and for this reason the judgment of the lower court is erroneous and is reversed.

Judgment reversed.