## F. T. Justice & Company v. Rogers, et al.

(Decided January 31, 1919.)

### Appeal from Fayette Circuit Court.

1.  Pleading—Amendments.—The court having overruled the demurrer to plaintiff's petition, seeking damages for breach of contract, and upon final submission having set aside the order and sustained the demurrer an amendment tendered by the plaintiff on the day the judgment was rendered should have been filed.

2.  Pleading—Amendments.—Under section 134 of the Civil Code the court may at any time, in furtherance of justice, permit pleadings to be filed for the purpose of correcting mistakes.

3.  Equity—Transfer to Equity.—Plaintiff's motion to set aside the submission and to file a tendered amendment and transfer the case to the equity side of the docket should have been sustained; said motion having been made on the day the court sustained the demurrer to the petition, the court, under a previous ruling, having overruled the demurrer to the petition.

FORMAN & FORMAN for appellant.

WALLACE & HARRISS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing as to Jackson D. Rogers; affirming as to Jos. Rogers.

Defendants (appellees) owned a lot of land in Lexington.  Plaintiff (appellant), a corporation, was desirous of purchasing the lot for yard purposes.  As a result of certain negotiations between the defendant, Jackson D. Rogers, and F. T. Justice, president of the plaintiff company, they entered into the following contract:

"Lexington, Ky., March 28, 1916.

"This agreement entered into by and between Jackson Rogers and Joseph Rogers, of Versailles, Kentucky, parties of the first part, and F. T. Justice & Company, a corporation, of Lexington, Kentucky, parties of the second part,

"Witnesseth: That for and in consideration of the sum of one dollar paid by second party to said first party, the receipt of which is hereby acknowledged, and the further consideration of eleven thousand, two hundred and twenty seven and 31/100 ($11,227.31) dollars to be paid by second party to said first party on May 1st, 1916, or otherwise this contract is null and void, with interest at five per cent per annum from date until paid, the said first party agrees to make F. T. Justice & Company a deed for the following described property, a lot of land on Walton avenue, and the C. & O. R. R., being 11¼ acres, more or less.

"Witness this day in duplicate,
"JACKSON D. ROGERS,
"F. T. JUSTICE & COMPANY,
"F. T. JUSTICE, *President.*"

On April 29, 1916, defendants conveyed the lot in question to Shepard and others for a consideration in excess of that referred to in the contract. Defendants having thus made impossible the performance of the contract on their part, plaintiff brought this suit seeking damages in the sum of $3,711.94, for breach of the contract, being the difference between the amount specified in the contract and the amount of sale to Shepard and others.

The petition alleged a tender by plaintiff before May 1, 1916, and of the willingness on its part at all times to comply with the terms of the contract. A demurrer to the petition having been overruled, defendants filed separate answers, setting up various defenses. Plaintiff filed a demurrer to the different paragraphs of the answer.

In the third paragraph of the answer is this allegation: "That it was expressly provided in said contract that if the plaintiff did not pay the said sum of $11,227.31 on May 1, 1916, then that the said contract should be null and void, and under and according to the terms and conditions of said contract it was optional with the plaintiff whether it did or did not pay said sum or any part thereof. . . ."

The court overruled the demurrer to the first and fourth paragraphs of the answer, but as to the second and third paragraphs the ruling was passed and ex-

pressly reserved by the court for determination upon the final submission.

A reply was filed making up the issues, proof taken and the cause submitted to the court without the intervention of a jury.

In the opinion and judgment rendered the order overruling the demurrer to the petition was set aside, the demurrer sustained and the petition dismissed. The court, in the concluding paragraph of the opinion, saying: "Having reached this conclusion, after a most careful examination of the whole case, it would seem the court ought to have sustained the demurrer to the petition." Proper exceptions were taken and reserved; motion and grounds for a new trial filed and overruled, and on the same day the opinion was rendered, and judgment entered pursuant thereto, plaintiff tendered an amended petition for the purpose of making the pleadings conform to the proof, and alleging that by mutual mistake on the part of the parties the contract copied in the original petition did not contain the real agreement between the parties, and moved the court to transfer the cause from the ordinary to the equity side of the docket. This motion was overruled.

Inasmuch as we have reached the conclusion that the case should be reversed because of the court's refusal to permit the amendment to be filed it will be unnecessary for us to discuss the many points raised by counsel in this interesting case.

That the lower court reluctantly entered a judgment dismissing the petition is manifest from the language used. For example we quote from said opinion as follows:

"On the whole it is a hard case, one that any court might feel constrained to determine upon what appears to have been the clear purpose and intention of the contracting parties, but inasmuch as the defenses made are defenses which the defendants have a perfect right to make, and are defenses which the courts recognize as legal and valid, the court, even if reluctantly, feels compelled to direct a judgment for the defendants."

The lower court held that the contract as signed was unilateral, and therefore the plaintiff could not recover damages for any breach thereof. This view was based upon the following words inserted in the contract by the father of the appellees: "Otherwise this agreement is null and void."

John O. Rogers, the father, states that he inserted these words for the purpose of binding Justice & Company, but the lower court held it had just the opposite effect. It was the evident intention of appellant, Jackson Rogers, to make a binding contract for the sale of this property. Jos. Rogers, his brother and joint owner, refused to sign the contract. Jackson Rogers did everything in his power to get his brother to sign; he even requested his sister to endeavor to persuade him so to do. He seems to have been not only willing but anxious to carry out the contract as made and would have done so but from the fact that he was advised it might in some way involve his brother or bring about litigation.

Section 94 of the Civil Code provides: "If the court sustain the demurrer, the party may amend the pleading, with leave of court, . . ."

Section 134 of the Code provides that the court may at any time, in furtherance of justice, permit a pleading to be amended by correcting a mistake in the name of a party, or a mistake in any other respect or by inserting other allegations material to the case, or if the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.

This court has held in a number of cases that reformation of a contract will be decreed when sufficient reasons are given therefor, if by so doing substantial justice will be done to all parties. Especially is this true where it is alleged or proved that the contract as drawn does not express the real intention of the parties, or wherein there has been a mutual mistake of the parties. Cecil v. Livestock Ins. Co., 165 Ky. 750; Logan v. Langan, 145 Ky. 599. In this latter case, in quoting from Pomeroy's Code Remedies, sec. 93, the court thus states:

"In an action brought to recover damages for the breach of covenants contained in a deed of conveyance the defendant may set up, as an equitable defense, a mistake in the instrument which should be corrected, as for example, in such an action on a covenant against incumbrances, the alleged breach being an outstanding mortgage, the defendant may show the original agreement to except such mortgage from the operation of the covenant, and that by mistake the exception was omitted."

See also East Jellico Coal Co. v. Carter, 30 Rep. 174.

The mistake must be mutual to authorize a reformation. That the mistake in the present case was a mutual one is apparent from the testimony of Jackson Rogers and his father, as well as that of the president of the appellant company. Their endeavor was to make a binding contract. When the demurrer to the petition was overruled the court, in effect, ruled that plaintiff was entitled to recover on the contract sued on; and the plaintiff had a right to rely on this fact.

The court expressly withheld its decision on plaintiff's demurrer to the third paragraph of the answer; thus, in effect, confirming the previous ruling that the contract was binding. Certainly plaintiff was not called upon to tender an amendment at that time. After proof had been taken, the cause submitted and the opinion delivered then, for the first time, was the plaintiff apprised of the fact that in the judgment of the court the contract sued on lacked mutuality, or was unilateral, and no recovery could be had thereunder.

In Ashbrooke v. Roberts, etc., 82 Ky. 298, the court thus states: "The provision of the Code upon the subject being imperative, the amended answer was defective; but the court had in effect overruled a demurrer to it by permitting it to be filed, although objected to by the appellant.

"It had thereby, in substance, said to the party that his pleading was sufficient, and yet without the least intimation to him, so far as is shown by the record, that the court had changed its opinion, it at the same term, in a final judgment, rejected it, and thereby deprived the party of any opportunity to amend.

"Such a practice can not be sanctioned, as it would defeat instead of promote justice, the attainment of which is the object of the Code and all law.

"The court, by its own error, misleads the party and creates the belief in his mind that his pleading is sufficient, and then without affording him an opportunity to amend, the cause is submitted upon the motion of the adverse party and a final judgment rendered against him, because the pleading which the court has just said was sufficient, is in fact defective."

Counsel for plaintiff acted as promptly as they could, and as soon as the court for the first time intimated that the contract was not binding, they tendered

an amended petition seeking reformation of the contract. The court should have permitted plaintiff to file the tendered amendment, with the right to the parties to file such further pleadings or motions, and take such proof as necessary thereafter.

There is no evidence that Jackson Rogers had any right or authority to bind his brother Jos. Rogers. The judgment as to Jos. Rogers is affirmed, and as to Jackson Rogers reversed for further proceedings consistent with the opinion.