## Garrott, et al. By, etc. v. McConnell, et al.

(Decided November 9, 1923.)

### Appeal from Christian Circuit Court.

1. Deeds—Whole Instrument Considered to Ascertain Intent.—In construing a deed the whole instrument will be considered to ascertain what the grantor intended by a particular clause where the meaning is doubtful, but inquiry always is to ascertain what he meant by what he said, rather than his reasons for saying it, and his reasons are pertinent only in so far as they explain what he said.

2. Trusts—Power to Convey Withheld During Lives of Grantors.—Under a deed of land to one as trustee for his wife and children, wherein an annuity was to be paid to grantors, and after the death of the grantors and complete payment of annuities "such trustee is further authorized and empowered . . . to sell and convey said land, or any part thereof, in his discretion," held, that the power given the trustee to sell was only a conditional grant, and not a covenant between the parties or a condition subsequent; a limitation upon the power of the trustee beneficial to the cestui que trust being intended.

3. Trusts—Trustor and Trustee May Not Change Terms Inserted for Benefit of Cestui Que Trust.—Grantor having limited the power of trustee to sell land by the deed that created the trust without reservation of power of revocation, neither the grantor nor the trustee, nor both together, could change its terms, any rights thereby conferred upon the cestui que trust having become irrevocably fixed.

4. Trusts—Reinvestment of proceeds Immaterial as regarded Validity of Transfer of Land by Trustee Without Authority.—The fact that the trustee preserved and reinvested proceeds of sale of land so that the interests of the cestuis que trust were not impaired could not justify the violation of the plain provisions and conditions of the

instrument creating the trust, which prohibited a sale of the land by the trustee.

W. H. LINTON for appellants.

WHITE & CLARK, THOS. P. COOK and FRANK RIVES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On July 31, 1914, E. H. Garrott and his wife conveyed 60 acres of land to their son, J. T. Garrott, "as trustee for his wife and children," in consideration of love and affection for the grantee and his children, and the payment of a small annuity to the grantors during life.

The habendum clause reads:

"To have and to hold the aforesaid tract or parcel of land, together with all the privileges and appurtenances thereunto belonging, under the party of the second part, the said J. Thomas Garrott, for and during his natural life in trust for his wife and children, with remainder to his wife and children in fee simple, and in equal shares, with a covenant of general warranty of title."

Following this clause the deed provides:

"As a part of the consideration for this conveyance second party as trustee for his said wife and children and individually, agrees and promises to pay to the first parties the sum of $30.00 on the first day of January, 1915, and a like amount on the first day of July, 1915, and a like amount on the first days of January and July in each and every year thereafter as long as both of the first parties shall live, and upon the death of either of the said first parties he shall pay to the survivor of them, one-half of said sum, semi-annually, or $15.00 on the first day of July and January in each year, for and during the life of such survivor, and after the death of both of first parties, no further semi-annual payment shall be made or required.

"It is expressly understood and herein agreed that any child or children hereafter born to the said J. Thomas Garrott, is and are to take hereunder as though now *in esse*.

"It is further agreed and understood that the said J. Thomas Garrott, as trustee for his wife and children, aforesaid, is to have the use and control of said land and all of the produce, rent and income therefrom and

make use of and spend the rent and income from said land for the use and support of his said wife and children, or any or all of them as he may see fit, and, after the death of both of first parties and complete payment of the annuities hereinbefore provided for, said second party as such trustee is further authorized and empowered by and with the advice and consent of his wife, to sell and convey said land or any part thereof in his discretion, passing the purchaser thereof the full fee simple title to same, the purchaser shall not be required to look to the application of the purchase money, but said trustee shall reinvest the proceeds of any such sale in other real estate, or in interest bearing real estate first mortgage securities; in either of which events, whether reinvested in other lands or in interest bearing securities, as hereinbefore provided, said fund is to be held and kept in trust for the same beneficiaries, for the same length of time, and in the same manner as hereinbefore set out, with full power and authority to said trustee to change the investments whenever and as often as he may see fit; and it is further provided that no security is to be required of said trustee and he shall not be required to make any settlement of his accounts as such, either with the beneficiaries of said fund or with any court of the Commonwealth of Kentucky.

"It is further agreed and herein understood that a vendor's lien is retained on the land herein conveyed to secure the payment of the aforesaid annuities to first parties on the first days of January and July of each year, during their lives, and the life of the survivor of them, as hereinbefore set out, and first parties expressly reserve for themselves all crops now growing on said lands."

On April 20, 1917, J. T. Garrott and his wife, J. T. Garrott as trustee for his wife and children, and E. H. Garrott and wife, conveyed the above 60 acres to R. G. Anderson, for $3,500.00 and the agreement by the latter to pay to E. H. Garrott and wife the annuities due them under their deed to J. T. Garrott as trustee. To secure the payment of these annuities by Anderson, a lien was retained upon the land.

With the $3,500.00, J. T. Garrott purchased 52 acres, taking the deed to himself as trustee, "with all the powers and rights attached thereunto expressed" in the above deed to him from his parents for the 60 acres.

On January 1, 1920, J. T. Garrott and wife, and J. T. Garrott as trustee for his wife and children, conveyed this 51-acre tract to appellee, P. H. McConnell, and with the proceeds purchased another tract, which was conveyed to J. T. Garrott as trustee, etc. In August, 1921, McConnell instituted this action to quiet his title to the 52-acre tract, against E. H. Garrott and wife, J. T. Garrott and his wife, J. T. Garrott as trustee for his wife and children, and their children. The lower court granted the relief prayed, and the infant children of J. T. Garrott by their guardian *ad litem* have appealed.

As the deed to the trustees for the 52-acre tract did not express the terms and conditions of the trust but referred to the deed conveying him the 60 acres for a recitation thereof, the provisions of the latter deed present and must determine the sole question for decision upon this appeal. That question is, whether the provision that "after the death of both of first parties (E. H. Garrott and wife), and complete payment of the annuities hereinbefore provided for, said second party (J. T. Garrott) as such trustee is further authorized and empowered, by and with the advice and consent of his wife, to sell and convey said land or any part thereof in his discretion" is merely a covenant between the grantors and the trustee for the sole benefit of the former and a condition subsequent, as contended by appellees, or is a limitation upon the power of the trustee beneficial to the infant *cestui qué trust,* as argued for them by their guardian *ad litem?*

That this clause considered alone in both form and apparent effect is a conditional grant of power and not a covenant between the parties or a condition subsequent, is patent. But counsel for appellees maintain that from a consideration of the entire deed to ascertain the grantor's intention, it is apparent it was intended simply to secure their annuities, and for this reason it should be so construed.

The rule is thoroughly established that in construing a deed the whole instrument will be considered to ascertain what the grantor intended by a particular clause where the meaning is doubtful, but the inquiry always is to ascertain what he meant by what he said rather than his reasons for saying it, and his reasons are pertinent only in so far as they explain what he said.

Here it is perfectly clear, we think, that the grantors meant just what they said, and no more, when they said the trustee could sell the trust property after their death and after all annuities had been paid. They were no doubt influenced to withhold such power during their lives in order to secure payment of the annuities, and possibly they may have had no other reason for so doing, but that they did it is not open to doubt.

Having thus limited the power of the trustee by the deed that created the trust without reservation of power of revocation, neither they nor the trustee, nor both together, could change its terms (26 R. C. L. 1207). Any rights thereby conferred upon the *cestui que trust* became irrevocably fixed, and one such right under this deed is that the property shall not be sold during the lives of the settlors, and the disposition of the trust estate thereby opened up to the practically unlimited discretion of the trustee, which under the deed he may exercise after the death of the grantors, but not sooner.

It is true that the trustee seems to have preserved and reinvested the proceeds of his several sales, and that so far the interests of the infant *cestui que trust* have not been impaired thereby, but this fact cannot justify a violation of the plain provisions and conditions of the instrument creating the trust, which, as is aptly said in 26 R. C. L. 1289, make "the law by which the conduct of the trustees in the management and disposition of the trust property must be regulated and controlled."

Wherefore the judgment is reversed, with directions to dismiss the petition against the infant *cestui que trust* and for proceedings not inconsistent herewith.