## Hayes, et al. v. Hudson, etc.

(Decided June 19, 1925.)

### Appeal from Oldham Circuit Court.

1. Reformation of Instruments—Reformation May be Had Only Where Parties Were Laboring Under Mutual Misapprehension, or Where it Does Not Express True Agreement.—Reformation of contracr may only be had where parties, on signing, were laboring under mutual misapprehension as to legal effect, or where contract does not express true agreement, or contain all of the stipulations or agreements, such omission being result of mutual mis· take or fraud.

2. Reformation of Instruments—Mistake Must be Established by Full, Clear and Decisive Evidence to Warrant Reformation.— To warrant reformation of an instrument for mistake, evidence thereof must be full, clear and decisive, and mere preponderance of evidence is not sufficient.

3. Reformation of Instruments—Evidence Not Sufficiently Clear to Warrant Reformation of Contract.—Where contract provided for sale of undivided half interest in insurance business, and one of parties insisted it should have included one-half undivided in· terest in real estate business also, evidence being conflicting, held not sufficiently clear, convincing and satisfactory to warrant reformation.

D. H. FRENCH and D. E. WOOLRIDGE for appellant.

J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This suit was originally commenced by Frank Hudson in the Oldham circuit court, against appellants, A.

Y. Hayes and W. S. Hayes, on two notes for $400.00 each, executed by the appellants to H. C. Hudson as part payment for one-half undivided interest in an insurance business sold by H. C. Hudson to A. Y. Hayes in November, 1921, but by answer A. Y. Hayes, principal in the notes, pleaded that he purchased from H. C. Hudson a one-half interest in both an insurance business and a real estate agency owned and operated by Hudson at the time for the price of $1,600.00, of which he paid $800.00 cash, and excuted the two notes for $400.00 each, for the balance, that the contract was in writing, that by mutual mistake of the parties to same and fraud on the part of H. C. Hudson in having the contract or agreement of co-partnership prepared, the one-half interest in the real estate agency consisting of the sale of real estate on commission by H. C. Hudson was omitted from said writing, which omission was not at the time of signing said contract noticed nor known to or by the defendant, and not until long after the execution of said agreement. The answer further averred, "it was agreed between himself and the said H. C. Hudson that appellant was to attend to the business of the insurance and Hudson was to attend to the sale of real estate on commission, and that they were to divide the profits equally; that this agreement with respect to the real estate on commission was by fraud on the part of H. C. Hudson omitted from said contract or agreement. He says that by reason of said fraud and mistake that said writing is defective and does not fully recite the true contract and agreement between this defendant and said H. C. Hudson."

The answer closes with a prayer for a reformation of the written contract of co-partnership to conform to the agreement as alleged by Hayes, and that Hudson be required to settle his accounts and to divide the profits arising from the commissions realized from the sale of real property which were alleged to amount to $2,000.00. A reply made up the issue. The parties took proof by depositions. The evidence for appellant, Hayes, is to the effect that he purchased from H. C. Hudson one-half undivided interest in his entire business consisting of insurance and real estate at the price of $1,600.00, one-half of which he paid in cash and executed his two notes of $400.00 each for the remainder; that before the written contract was drawn up it was agreed and understood he was to take charge of the insurance business

and Hudson was to sell real estate upon commission and that they should divide the profits from the entire business equally; that Hudson represented the real estate business at that time to be a little dull but that he expected it to revive and increase and that the profits would be better; that Hudson had since the formation of the partnership brought about the sale, as agent, of several parcels of real property upon which he received a commission of about $2,000.00, and that appellant Hayes was entitled to one-half of such commission.

For appellee, H. C. Hudson, it was testified without equivocation, the real estate business was not mentioned in the deal between him and Hayes by which he sold to Hayes a one-half undivided interest, but that the sale to Hayes was only of an interest in and to his insurance business; that no reference whatever was made to the real estate business while the deal was pending; that the written contract expressed .the entire agreement. Several witnesses testified and the foregoing is the substance of all the evidence. The court adjudged Frank Hudson, assignee of the notes, recover of Hayes and Hayes, the amount of the two notes with interest, and dismissed the counterclaim and cross-petiton of appellant Hayes. It is from that judgment that this appeal is prosecuted.

The written contract which is made a part of the answer of appellant, Hayes, omitting the formal parts, reads:

"The party of the first part agrees to sell and convey one-half ($\frac{1}{2}$) interest in his insurance agency to party of the second part for the sum of sixteen hundred dollars ($1,600), to be paid as follows: Eight hundred dollars ($800) in two (2) notes of four hundred dollars ($400) each, due on November 1, 1921, and March 1, 1922. It is further agreed that each party furnish his own machine and give his best attention and efforts to the business in the interest of the agency, with the exception that the said Hudson reserves the right to use a part of his time for the next two months to complete his canvass in the sheriff's race, and each agrees to pay one-half ($\frac{1}{2}$) of the office expenses; but it is further agreed that on March 1, 1922, the party of the first part agrees to give second party option on the remaining

half of the agency for one thousand dollars ($1,000.00) to take effect March 1, 1922, and it is also agreed that should either first or second party, at any time, desire to sell their interest in agency they will first give the other party right to buy same."

Clearly the contract as written conveys a one-half ($\frac{1}{2}$) undivided interest in the insurance agency of Hudson to Hayes, there appearing no mention of the real estate business in the writing. The oral evidence is very contradictory. Both appellant, Hayes, and appellee, H. C. Hudson, testified emphatically and unequivocally to facts which support their separate contentions, the one that he purchased a one-half interest in both the insurance and real estate business and the other, that he sold only a one-half interest in the insurance business, there being no mention by either party of the real estate business during the negotiations. There was no evidence of fraud except that. The other evidence introduced by the parties is merely supporting and not controlling.

We have established a rule followed in many cases that equity will only lend its aid to reform contracts which are signed by the parties laboring under a mutual misapprehension as to their legal effect, or which does not express the agreement of the parties or does not contain all of the stipulations or agreements of the parties and which omission was the result of mutual mistake of the parties to the agreement, or of fraud on the part of any of them. Justice & Co. v. Rogers, 183 Ky. 466; Life Ins. Co. v. Robinson, 181 Ky. 507; Benton v. Trust Co., 182 Ky. 637; LaMaster v. Morgan's Committee, 178 Ky. 805; Gulf Oil Co. v. Lovelace, 188 Ky. 238; Electric Loose Leaf Floor v. Electric Planing Mill Co., 196 Ky. 821. But such written contract will not be reformed on the ground of mistake unless the mistake be established by full, clear and decisive evidence. The evidence must be convincing and satisfactory before equity will lend its aid to reform a contract. Hauger v. International Trading Co., 184 Ky. 794; Land Co. v. Jonnard, 198 Ky. 508; Nichols v. Nichols, 182 Ky. 21; Slater v. Hatfield, 195 Ky. 281; Maple v. Traux, 198 Ky. 801; Scott v. Spurr, 169 Ky. 575. We have further held that a mere preponderance of the evidence is not sufficient to warrant the reformation of a written contract but the proof must be clear, convincing and satisfactory before such relief will be

granted. Anderson v. R. R. Co., 171 Ky. 740; Cook v. Day, 168 Ky. 282.

Where the evidence of mutual mistake in the preparation of a written contract is conflicting and there is any doubt as to the right of reformation it will be denied. Litteral v. Bevins, 186 Ky. 514.

A reading of the evidence in the instant case leaves the mind in doubt as to whether H. C. Hudson sold A. Y. Hayes a one-half interest in his real estate business, or only sold him one-half interest in his insurance business, therefore, a reformation is not authorized under our well established rule. The chancellor, no doubt, knew the parties and witnesses, and having them before him, was better able to judge of their credibility than are we. For this additional reason we are not authorized to disturb the judgment.

Judgment affirmed.