## Dark Tobacco Growers' Co-operative Association v. Ray, et al.

(Decided June 25, 1926.)

### Appeal from Logan Circuit Court.

1. Deeds.—If deed has date, law intends it to have been delivered thereon.
2. Deeds—Landlord and Tenant.—Title passes on delivery of deed, whereupon rents vest in grantee, unless reserved in deed.
3. Evidence.—Deed is written evidence of title, and parol evidence of lease excepted from its operation is inadmissible.

4. Reformation of Instruments.—Grantors seeking reformation of deed by inserting stipulations for delivery of possession on expiration of lease and retention of rentals until then have burden to show fraud or mistake.

5. Reformation of Instruments.—To decree alteration in terms of duly executed contract, proofs must be full, clear, and decisive, and mistake must appear beyond reasonable controversy.

6. Reformation of Instruments.—Evidence held not to show beyond reasonable controversy that stipulations for delivery of possession on expiration of lease and retention of rentals by grantors until then were omitted from deed by mistake.

7. Landlord and Tenant.—Claim of purchaser of warehouse for rents collected by vendors was timely where made at end of year for which property was leased.

J. W. LINTON for appellants.

S. R. CREWDSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On November 23, 1922, appellees entered into a written contract with appellant by which they contracted to sell appellant a tobacco warehouse owned by them in Russellville, Kentucky, for $6,500. Pursuant to the contract they executed a deed to appellant dated February 3, 1923, conveying the property to it. On November 13, 1924, appellant brought this action against them stating these facts and alleging that they had collected without right and held the rents of the property, amounting to $600.00 for the year 1923, and praying judgment therefor. Appellees answered alleging that the contract and deed named in the petition by mutual mistake failed to state the real contract between the parties; that it was agreed that possession was not to be delivered to the plaintiff until December 1, 1923, as the property was then rented out up to that time; that they were to have and retain for their own use the rentals up to that time, and that these stipulations were by mutual mistake omitted from the contract and deed in drawing them. The allegations of the answer were denied by reply, proof was taken and on final hearing the circuit court dismissed the purchaser's petition. It appeals.

The deed on its face is an absolute deed with general warranty. The allegation of the petition that the deed was executed on February 3, 1923, was not denied.

If a deed has a date the law intends it to have been delivered thereon. 8 R. C. L., p. 1014. The title passes upon the delivery of the deed. The property then vests in the grantee and unless rents are reserved in the deed they vest in grantee. If a lease of the land for a year could be shown by parole and so excepted out of the operation of the deed a lease for ten years or a hundred years might be also so excepted. The deed is written evidence of title and parole evidence cannot be heard to show that anything less than the full title passed. 18 C. J., p. 216, sec. 126. It was, therefore, incumbent upon appellees to show fraud or mistake warranting a reformation of the deed.

T. S. Rhea, one of the appellees who made the written contract on November 23, 1922, testifies that he made the contract with C. A. Rogers at Hopkinsville, Kentucky; that no one was present except him and Rogers and that he told Rogers the house was rented for the year 1923, and they could not give him possession of the house for twelve months, and he agreed to this. On the other hand, Mr. Rogers says that he had no such conversation with Mr. Rhea. E. M. Ellis and James Ray, two other appellees, testify that about a month later G. J. Covington, representing the purchaser, came to Russellville and had a conversation with them; that they told him that the house was rented by them and they already had the money for it and could not give him possession of the house for the year 1923; that the trade was closed on this basis and the draftsman of the deed simply omitted to put this in and they failed to notice it at the time. On the other hand, Mr. Covington testifies to an entirely different version of the conversation. Neither Covington nor Rogers is in any way interested as they are no longer in the employment of the association. All of the witnesses are men of high character, so that the question presented is simply whether there is sufficient evidence to warrant a reformation of the written instrument. The rule often announced by this court on the subject is as follows:

"Indeed, in no case will a court decree an alteration in the terms of a duly executed contract unless the proofs are full, clear and decisive; mere preponderance of evidence is not enough; the mistake must appear beyond reasonable controversy." Gillispie v. Blanton, 214 Ky. 52; Brothers v. Kirkpatrick, 214 Ky. 560, and cases cited.

Plainly it cannot be said that the mistake appears here beyond reasonable controversy. To sustain the pleading would be to open the door to reform written instruments on the mere preponderance of the testimony. It is true that the property was then rented out, but it is also true that the purchaser paid interest on the purchase money from January 1. It is true that the deed was not acknowledged on February 3, but as four men and their wives were to sign it a delay of getting the deed acknowledged by all of the parties is not unusual, and no weight is to be given the fact that the purchaser failed to record his deed for some months later. At the end of the year the purchaser claimed the rent and this claim was set up as soon as might be reasonably expected.

Under all the facts judgment should have been entered in favor of the purchaser for the rent from February 3, 1923, the date of the deed.

Judgment reversed and cause remanded for a judgment as above indicated.