## Stanley v. Slone, et al.

(Decided October 15, 1926.)

Appeal from Magoffin Circuit Court.

1. Reformation of Instruments.—To warrant reformation of instrument, proof must be full, clear, and convincing, and mistake or fraud must appear beyond reasonable controversy.

2. Reformation of Instruments.—Evidence held insufficient to warrant reformation of deed conveying interest in oil and gas rights.

3. Mines and Minerals.—Deed held to convey one-half of one-eighth interest in oil and gas, and, in event existing lease was canceled, one-half of all oil and gas rights in premises involved.

4. Contracts.—If intent of parties can be ascertained from reading of instrument as a whole, it will be effectuated as the true contract made.

HOWARD & ARNETT for appellant.

W. R. PRATER and WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, A. L. Stanley, owns a tract of land in Magoffin county, Kentucky, which contains 150 acres. Some time prior to August 9, 1920, he had executed to S. S. Elam an oil and gas lease, reserving as royalty one-eighth of any oil produced under this lease and a cash rental for each producing gas well. On August 9, 1920, appellant and his wife executed to appellees a deed, the consideration and granting clause of which is as follows: "That said party of the first part, for and in consideration of the sum of $2,000.00, the receipt of which is being acknowledged, do hereby sell, grant and convey to the parties of the second part, their heirs and assigns, one-half of one-eighth of all the oil and gas, it being one-half of the entire land lying and being in Magoffin county, Kentucky." After a description of the land and a statement that it is all the land leased by the first party to S. S. Elam, and after giving the proportionate interests that are conveyed to appellees, there is the following clause: "It is understood and agreed by the parties hereto that if oil or gas is found in paying quantities on said land while the same is being operated under the said lease executed to first party by S. S. Elam, the said second parties, their heirs or assigns are to have and receive and to own one-half of one-eighth of all the oil and one-half of the money received under the terms of said lease for each gas well in the proportionate part of their several interests as above stated in event the lease referred to above is cancelled or reconveyed to the first party or for any reason become null and void, the second parties are to have, receive and own one-half of all the oil and one-half of the gas in, on and under said tract of land, together with the rights and privileges with the first party

hereto, to operate and drill and explore or market oil and gas from said premises. The intention of this deed is to convey one-half of any of my interest in all oil and gas in the entire described tract of land. The party of the first part is to have the right to lease and receive the bonus on seven-eighths of the oil and gas under the said tract he reserved above two acres. . . . "

On the 1st day of February, 1924, appellant, A. L. Stanley, filed his petition in equity in the Magoffin circuit court, in which he alleged that by mistake or oversight or by fraud practiced by the appellees this deed was so written and prepared by the appellees without the knowledge or consent of the appellant as to contain the following stipulation and conditions: "That in the event the lease heretofore executed to S. S. Elam is surrendered or terminated, cancelled or vacated, the defendants herein are to receive and own one-half of all the oil and gas in, on and under the said tract of land, together with the right and privilege of the second party thereto to operate and drill and explore for oil and gas from said premises. The intention of this deed is to convey one-half of my interest in all the oil and gas in the entire described tract of land." He further alleged that this stipulation was placed in the deed without his consent or knowledge and that he did not sell to appellees any amount of oil or gas other than one-half of the royalty, being one-sixth of all the oil; that he did not agree to the stipulation referred to and that he was induced to sign the deed by the fraud and misrepresentation of the appellees. He asked that the deed be reformed by striking therefrom the clause complained of and that his title be quieted. A judgment was entered in the lower court dismissing plaintiff's petition and from that judgment he appeals.

The proof disclosed that the deed was drawn by W. H. Slone, one of the appellees, after he and appellant had discussed the proposed transaction on several occasions. At the time the deed was executed there were present the appellant and his wife and the appellees, W. H. Slone, Isaac Slone and George Slone; and Sherman Riggsby, a deputy county clerk, who took the acknowledgment of appellant and his wife. The appellant testified that W. H. Slone read a part of the deed to him before he signed it but not the provision complained of; that he, appellant, had the deed in his possession and read the caption but not the body of the deed. He also introduced as a witness Lib Hall, who testified that he heard George Slone state,

"We worked a trick on Cap. Stanley about his royalty but we could not work it on Clay Adams. " On the other hand, all of the appellees who were present when the deed was executed testified that the entire deed was read to appellant before he signed it and that it was thoroughly understood between the appellant and the appellees that after the expiration or annulment of the lease then on the property, the appellees were to own an undivided one-half interest in the oil and gas in and under the tract of land described in the deed. Riggsby, the deputy county clerk, whose deposition was taken on behalf of appellant, testified that it was his recollection that appellant's wife read the deed; that it was read to him by appellee, W. H. Slone, and that the appellant also read it and that "Slone and A. L. Stanley were talking over what interest they would have after the lease expired."

It has been stated and restated by this court in a great number of cases that to obtain the reformation of an instrument the proof of mistake or fraud must be full, clear and convincing, and the mistake or fraud must appear beyond reasonable controversy. Dark Tobacco Growers' Association v. Ray, 215 Ky. 373, 285 S. W. 198; M. P. Brothers Company v. Kirkpatrick, 214 Ky. 560, 283 S. W. 424; Gillespie v. Blanton, 214 Ky. 52, 282 S. W. 1061; Haynes v. Hudson, 209 Ky. 657, 273 S. W. 524; Daniel Boone Coal Company v. Crawford, 203 Ky. 669, 262 S. W. 1097. It will be readily seen, therefore, that the proof in this case does not measure up to the requirements laid down in the cases, *supra*. At most it was contradictory, but with the weight preponderating in favor of appellees. The lower court, therefore, properly held that the appellant had not shown himself entitled to a reformation of the deed.

Counsel for appellant in his brief insists that the clause sought to be eliminated from the deed is rendered inoperative and invalid by reason of its location and that it is in conflict with and repugnant to the granting clause and that the granting clause should control, thus giving to appellees only one-sixteenth of the oil rights in the land under any and all circumstances.

Waiving the question as to whether the clause in question is a part of the granting clause or if not is repugnant thereto, there is the well recognized rule that if the intention of the parties can be determined from the

instrument when read as a whole, such intention will be effectuated as the true contract of the parties. In Meeks v. Robards, 157 Ky. 199, 162 S. W. 818, the court said: "A deed is to be read as a whole, and the intention of the parties apparent on the whole instrument will be enforced without regard to the clause in which the words are put." In Virginia Iron, Coal and Coke Co. v. Dye, 146 Ky. 519, 142 S. W. 1057, the following excerpt from the opinion in Kelly v. Parsons, 127 S. W. 792, was quoted with approval: "In construing a deed this court is committed to the doctrine that the intention of the parties, as appears from the whole deed, must control. If the intention appears, technical rules of construction cannot be applied if they lead to a different result. If the granting clause and the habendum are irreconcilable, and the other parts of the deed do not make it apparent which the grantor intended should control, the granting clause will prevail. Hall v. Wright, 121 Ky. 16, 87 S. W. 1129, 27 Ky. Law Rep. 1185. But if both parts of a deed may well stand together, consistent with the rules of law, they will be construed to have that effect, rather than be held repugnant." This rule has been consistently followed in later cases. Denny v. Crabtree, 194 Ky. 185, 238 S. W. 398; Ramey v. Ramey, 195 Ky. 673, 243 S. W. 934; Garrott v. McConnell, 201 Ky. 61, 256 S. W. 14; Kimbrell v. Parmer, 202 Ky. 686, 261 S. W. 11; Beattyville Company v. Tyrone Coal Company, 205 Ky. 197, 265 S. W. 616.

It was clearly the intention of the parties to provide that in the event the holder of the outstanding lease should develop it the appellees were to have one-half of one-eighth of all the oil produced and one-half of the rentals from any producing gas wells, and in the event the outstanding lease should expire or be cancelled or surrendered they were to own one-half of all the oil and gas rights in the tract of land described in the deed or as expressed in the deed itself it was the intention of the parties that appellees should own one-half of appellant's interest whatever that might be.

As the judgment of the lower court conformed to the views herein expressed, it is, therefore, affirmed.