## Johnson & Phillips v. McClard.

(Decided November 1, 1929.)

375

EMMA D. KEEN and N. F. HARPER for appellants.

F. R. GOAD for appellee.

Opinion of the Court by Judge Dietzman—Reversing.

The appellants, a partnership, brought this suit against the appellee on a written contract, whereby they agreed to sell and he agreed to buy for the sum of $220 a certain number of fruit trees. Appellants averred and proved that they delivered these trees to the place of delivery, although the evidence shows appellee refused to take possession of them after they had been delivered as stated. The written contract among other things specifically provided that the buyer would not "countermand or attempt to countermand this contract." The issue on which the parties went to trial was embodied in an amended answer duly traversed wherein the appellee averred that the contract filed with the petition did not represent the true contract between the parties, in that it had been agreed as a part of the contract that the appellee should have the right to countermand the order at any time before the trees were shipped, and that by fraud, mutual mistake or oversight this provision was omitted from the written contract and the provision against cancellation inserted. He further averred that within a month after the contract was entered into, and some months before the time of delivery, he had countermanded the order and so notified the appellants. He prayed, in substance, that the contract be reformed so as to express the true agreement between the parties. Neither party asked for a transfer of this case to the equity side of the docket. So the case was tried before a jury on this equitable issue of reformation. The jury found for appellee, and, from the judgment entered on the verdict, the appellants pray an appeal in this court. The only testimony offered on the issue of reformation was that of appellants' agent who took the order and the appellee himself. The appellants' agent who made the

contract in question denied any such agreement as relied upon by the appellee, and testified that the written contract represented the only agreement entered into by the parties. The appellee testified very unsatisfactorily as to just what he claimed was the understanding or agreement entered into at the time he bought the fruit trees. At one place in his testimony he said that he had the absolute right to cancel the contract at any time before the trees were shipped, but at another place in his testimony he said that he was to have the right to countermand the order if he sold his farm on which the trees were to be planted before the trees were shipped. The written notice of his countermanding the order which he had served on the appellants seems to base the right of countermanding on the fact that he had contracted to sell the farm on which he had intended to plant the fruit trees. The record discloses that appellee never sold his place before the trees were shipped and indeed had never entered into any enforceable contract to do so. About all he did was to start negotiations looking to a sale. Although this case was tried as a common-law action, yet as the issue involved was equitable in its nature, the appellee is required to establish his defense in the same fashion as he would have had to do had the case been tried in equity. In the case of Wood's Guardian v. Inter-Southern Life Ins. Co. et al., 224 Ky. 579, 6 S. W. (2d) 712, 714, which was a suit brought to cancel a contract and which was tried before a jury, we said: "If this were purely an ordinary action, the scintilla rule would apply, but it was an equitable action, though on the ordinary docket, and, being such, it must be governed by those rules applicable to equitable actions. The rights of litigants are determined by the issues made by the pleadings, the relief sought, and the facts developed by the evidence. The court, under subsection 4 of section 10, Civil Code, should have transferred the cause to the equity docket, and, though it failed to do so, the rights of the litigants were not thereby affected."

In Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979, we said:

"The name given to a pleading is not controlling, but its character is always to be determined by its allegations.

"Likewise the nature of an action, whether ordinary or equitable, depends upon the issues made

and the relief sought, not the docket on which it is placed.''

It is settled that, in order to reform a written instrument, the proof as to the mistake or fraud must be clear and convincing. Hayes v. Hudson, 209 Ky. 660, 273 S. W. 524; Bernheim v. Duane, 209 Ky. 754, 273 S. W. 458; Irwin v. Westwood Real Estate & Development Co., 200 Ky. 760, 255 S. W. 546; M. P. Brothers Co. v. Kirkpatrick et al., 214 Ky. 560, 283 S. W. 424; Trustees of the First Christian Church of Ft. Thomas v. Macht, 228 Ky. 628, 15 S. W. (2d) 509. The proof in this case fails to measure up to this requirement. On the one side, we have the solemn written contract fortified by the testimony of appellants' agent that it embodied the only agreement the parties made. On the other side, we have the testimony of the appellee who is not even sure as to just what he claims was the true agreement, whether he had the absolute right to cancel or only the right to cancel in the event he sold his place. Even if he be correct as to this last alternative, he had no right to cancel the contract as he never sold his place. The proof for appellee is neither clear nor convincing, and the court should have peremptorily instructed the jury to find for the appellants as they requested.

The motion for an appeal is sustained; the appeal is granted; and the judgment is reversed for proceedings consistent with this opinion.