Case 105—APPEAL TO CIRCUIT COURT—September 28.

# Stuart, Trustee v. Commonwealth.

APPEAL FROM PIKE CIRCUIT COURT.

Taxation of Mineral Interests.—Where one person owns the surface estate in land and another person the mineral interests, each of these interests is real estate, and the mineral estate may be taxed as any other real estate.

C. M. PARSONS and J. M. ROBERSON for appellant.

Land and the undeveloped minerals in or on it cannot be separately taxed.  The land includes the minerals.  (Gen. Stats., chap. 92, art. 1, secs. 1, 3, 4, 6, 7, 27; Cooley on Taxation, p. 227, and Notes; *Idem*, p. 225, 241, 267, 268, 269; People v. Parks, 58 Cal., 624.)

WM. J. HENDRICK, Attorney-General, and CONNOLLY & CON-
NOLLY for appellee.

The judgment should be affirmed. (Gen. Sats., chap. 92, art. 1,
secs. 1, 3, 4, 7, 9.)

CHIEF JUSTICE BENNETT delivered the opinion of the court.

By this proceeding the estate proposed to be taxed
is the mineral estate of the appellant, which he holds
by separate title, another holding the surface title.
It is settled by this court that an estate in fee carries
with it all metals and minerals thereunder, but the
surface and the mineral interests may be conveyed
to different persons and become separate property,
and each interest conveyed, if the minerals are con-
veyed in place, will be land. In other words, the
minerals and the surface interests may, by separate
conveyance, become separate pieces of real estate, and
held by different persons, and each estate may be
separately seized and sold by execution, and each may
be defeated by the statute of limitations as any other
real estate. (See Kincaid, &c., v. McGowan, &c., 88
Ky., 91, where the matter is fully discussed.) The
mineral estate, when severed by conveyance, being
separate real estate, may be taxed as other real estate.

The judgment is affirmed.