Jones, &c. v. American Association.

Case, 52.—ACTION BETWEEN JOHN M. JONES AND OTHERS
AND THE AMERICAN ASSOCIATION, INVOLVING CON-
STRUCTION OF DEED.—April 27.


## Jones, &c. v. American Association.


Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment Jones, &c., appeal.    Reversed.

Deed—Construction—Office of Habendum—Reservations—Convey-
ance of Coal Banks—Appeal—Questions Reviewable.

1. Deed—Construction—Office of Habendum—Reservations—Res-
ervations or exceptions in a deed although contained in the
habendum clause, should be enforced as fully as if set out
in the granting clause, when on the whole instrument the
intention of the parties is sufficiently expressed.
2. Conveyance of Coal Banks—A deed contained in the haben-
dum clause an exception of all the coal banks, and a privi-
lege of a way to the different banks with a wagon and
team.  At the time of the execution of the deed the county
in which the land lay was sparsely settled, and there were
no railroads, nor was there any mercantile development of
coal mines.  Held—That the exception was good, although
contained in the habendum clause, and, in view of the cir-
cumstances, operated to reserve to the grantor the veins of
coal in the ground, and not merely open coal banks.
3. Same—A deed conveying certain described lands, and, after
the habendum clause and the warranty therein, continued:
"To his and their only proper use and behoof, together with
the coal banks reserved by" the grantor in a deed made by
him to a certain other person.  The deed referred to had
been made only four years before, and was on record, and
disclosed the reservation of coal banks in the land conveyed.
Held—That the deed under construction was effective to
convey the coal banks to the grantee named therein.
4. Appeal—Questions Reviewable—The question of bona fide pur-
chasers can not be raised on appeal, in the absence of both
pleading and proof on the subject.

J. R. SAMPSON and S. B. DISHMAN for appellants.

1. In construing a deed the object to be arrived at is to ascertain the intention of the parties, and it is well settled deeds must be construed as to effectuate, if possible, the intention of the parties.

2. The rule is that "the habendum" gives way to the granting words when clearly contradictory to them, yet it should be resorted to equally with the other parts of the deed to arrive at the intention of the maker, which must govern when ascertainable. (Clay v. Chenault, 10 Ky. Law Rep., 779; Henderson v. Mack, 82 Ky., 379.)

3. The granting clause must control the habendum in case they are repugnant. (Henderson v. Mack, supra; Radcliff, &c. v. Marrs, 87 Ky., 26.) But there is no repugnance here. The habendum simply incorporates an additional grant.

4. Every word in a deed should, if possible, have its proper effect, and the court will, in construing a deed, punctuate the instrument so as to give effect to all the words. (Churchill v. Reamer, &c., 8 Bush, 260.)

5. All rules of construction favor that construction of any instrument which will give effect, sense and meaning to each and every part and clause of the instrument. (American & Eng. Ency., 2d Ed., vol. 17, pp. 17 and 18.)

### AUTHORITIES CITED.

Churchill v. Reamer, 8 Bush, 260; Am. & Eng. Ency., 2d Ed., vol. 17, pp. 17 and 18; Cyc. Law & Pro., vol. 13, 601; Henderson v. Mack, 82 Ky., 379; Clay v. Chenault, 10 Ky. Law Rep., 779; Ratcliff, &c. v. Marrs, 87 Ky., 26.

WILLIAM LOWE for appellee.

### POINTS AND AUTHORITIES.

1. It is essential to a valid deed that it should contain words which show clearly an intent to grant the maker's interest or estate in the premises in question. (3 Washburn on Real Property, 620 (star page); Webb v. Mullins, 78 Ala., 111; Hummelman v. Mount, 87 Ind., 178; McKinney v. Settles, 31 Mo., 571; Brown v. Mauler, 21 N. H., 528-53, Am. Dec., 223; Irwin v. Powell, 188 Ill., 107; Pierson v. Doe, 2 Ind., 123; Repp v. Lesher, 27 Ind., 360; Mississippi Agricultural Bank v. Rice, 4 How., 11 L. Ed., 949; Ryan v. Wilson, 9 Mich., 262.)

2. Unless there are words of grant applicable thereto the title to land described in the habendum only will not pass. (3 Washburn Real Property, 643 (star page); Tiedman Real Property, sec. 849; Manning v. Smith, 2 Conn., 289; Curdy v. Alpha Coal.

Jones, &c. v. American Association.

Mining Company, 3 Nev., 27; Bridge v. Willington, 1 Mass., 219.)

3. The court must give the words used their ordinary mean-
ing.  (11 American and Eng. Ency., 1st Ed., 515; Parkhurst v.
Smith, Willes, 332; Addison on Contracts, 165.)

4. "Coal banks" is not equivalent to "coal seams."  (Webster's
International Dictionary, last Ed., under head of the word bank;
Barringer & Adams Law of Mines and Mining, LXXI.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On January 19, 1835, Robert George by deed con-
veyed to James D. George six tracts of land, contain-
ing 540 acres, lying in Harlan county.  The deed,
however, in the habendum clause contains the fol-
lowing reservation:

"To have and to hold the said tract or parcels of
land with its appurtenances unto the said James D.
George and his heirs forever, with the exceptions
of all the coal banks, and the said Robert George
and wife hold the right to them and a privilege of
a way to the different banks of coal with a wagon
and team, and with the above exceptions the said Rob-
ert George and his wife, Judith, for them and their
heirs doth covenant and agree to, with the said
James D. George and his heirs that he will warrant
and defend the said tract or parcels of land with its
appurtenances unto the said James D. George and
his heirs forever against the claim or claims of him,
the said Robert George and Judith, his wife, as well
as against the claim or claims of all and every
other person or persons whatsoever will warrant and
defend."

On October 15, 1839, Robert George made a deed
to John P. Bruce, the material part of which is as
follows:

"This indenture, made this 15th day of October,
1839, between Robert George of Knox county, Ken-

tucky, of the one part and John P. Bruce, of the county and State aforesaid, of the other part.

"Witnesseth: That the said Robert George for and in consideration of $6,000.00 paid, the receipt whereof is hereby acknowledged, hath granted, bargained and sold and by these presents doth grant, bargain and sell unto the said John P. Bruce a certain tract or parcel of land lying in the county and State aforesaid.   *   *   *   (Here follows description of the tract and three other tracts containing in all seven hundred and eighty-eight acres, and being different tracts from the six tracts embraced in the deed from Robert George to James D. George.)

"To have and hold the aforesaid tracts or parcels of land to the said John P. Bruce, his heirs and assigns forever, and the said Robert George shall and will forever warrant and defend the aforesaid tracts or parcels of land from himself, his heirs and assigns, and from the claim or claims of every other person or persons whatsoever to the said John P. Bruce, his heirs and assigns forever, to his and their only proper use and behoof, together with the coal banks reserved by said George to himself in a deed made to J. D. George."

On February 17, 1840, James D. George conveyed to Robert George the six tracts of land which the former had conveyed to him in 1835, and two other tracts.   This deed concludes with these words:

"To have and hold the aforesaid tracts or parcels of land to the said Robert George and his heirs forever, with the exception of all the above coal banks on the first six tracts before mentioned which were reserved by the said Robert George when he deeded said tracts of land to said James D. George for himself, his heirs and assigns the aforesaid tract of land and appurtenances unto the said Robert George, his

heirs and assigns, against the claim or claims of all and every person or persons whatever, doth and will forever warrant and defend by these presents.''

Robert George afterwards conveyed this land to those under whom appellees claim, and Bruce conveyed what he purchased to those under whom appellants claim. Appellants claim that they own the veins of coal under the six tracts of land conveyed by Robert George to James D. George, on the ground that the coal was reserved by the grantor in that deed, and was afterwards conveyed by Robert George to Bruce by the deed made on October 13, 1839. Appellees insist that the deed made by George to Bruce only passes title to the four tracts of land named therein, and does not pass any title to the coal in the six tracts conveyed by the deed of 1835 from Robert George to James D. George, although the coal was reserved in that deed by Robert George.

The rule is that a deed is construed as any other instrument to effectuate the intention of the maker, and reservations or exceptions are enforced, although contained in the habendum clause of the deed, as fully as if set out in the granting clause, when on the whole instrument the intention of the parties is sufficiently expressed to be enforced. Although the reservation in the deed from Robert George to James D. George is inserted in the habendum clause, it is so fully and clearly expressed as to leave no doubt of the intention of the parties that the grantor reserved all the coal banks on the lands, and held the right to them and the privilege of a way to the different coal banks with a wagon and team. It is insisted for appellees that the words ''coal banks'' must refer to a mine that has been opened, but it is agreed in the record, as a fact which we know to be true, that when the deeds were made the county

was sparsely settled, there were no railroads, and no mercantile development of coal mines. In view of the entire language of the deed and the circumstances under which it was made, when the grantor reserved all the coal banks he referred to the veins of coal in the ground, and not merely to such as had been opened. There had been little or no development of coal lands at that time, and the purpose of the grantor was to reserve the coal under the land.

It is earnestly insisted that in the deed from Robert George to Bruce there is a conveyance of only the four tracts of land, and that all that is said about the coal in that deed occurs in the habendum clause. The rule is relied on that the habendum clause will never extend the granting clause so as to make the deed cover property not included in the granting clause. But the rule referred to is not recognized by the more modern authorities, and is not enforced in this State. The modern rule is to read a deed as any other instrument. Reading this deed in that way, we think it means that the grantor conveyed the four tracts named with general warranty, together with the coal banks reserved by the grantor in the deed made to James D. George. While the coal banks are not described, they are identified as those reserved in that deed, and the rule is, "That is certain which may be made certain." The deed had been made only four years before it was recorded, and an examination of the deed would show accurately what coal banks were included.

Counsel for appellees also make the question that the deed to Bruce was not properly recorded, and insist that appellees are bona fide purchasers without notice. The record is not so prepared as to present this question. There is neither pleading nor proof on the subject,

Judgment reversed and cause remanded for further proceedings consistent herewith.