## Elkhorn Coal Corporation v. Slone.

(Decided October 23, 1925.)

### Appeal from Knott Circuit Court.

1. Mines and Minerals—Granting Clause in Deed, Expressly Including Oil and Gas, Conveyed such Minerals Unless Elsewhere Excepted.—Where a granting clause in a deed expressly included the oil and gas, the deed passed such minerals unless it elsewhere excepted title to them.

2. Deeds—Apt Words Must be Used to Make Valid Exception in Deed.—Apt words must be used to make a valid exception in a deed.

3. Mines and Minerals—Clause in Deed Held Not to Except from Operation of Granting Clause Oil and Gas Under Certain Tract of Land Conveyed.—Where a printed deed conveyed all minerals and subterranean substances, written clause following the granting clause, providing that "it is agreed that there is an oil lease in this land, which lease this deed is subject to, said lease was given N. company," held not to except the oil and gas, but to mean merely that the conveyance was subject to such lease.

JAMES & WALLEN, E. W. PENDLETON and O'REAR, FOWLER & WALLACE for appellant.

B. F. COMBS and A. B. COMBS for appellee.

Opinion of the Court by Drury, Commissioner—
Reversing.

This action was begun by the appellee, whom we will refer to as the plaintiff, against the Beaver Creek Consolidated Coal Company and appellant, Elkhorn Coal Corporation, to quiet his title to the oil and gas under about 1,500 acres of land, the surface of which he owns. In this litigation he was entirely successful. From the judgment adjudging him to be the owner of this oil and gas, the defendant, Elkhorn Coal Corporation, has appealed. For the purposes of this opinion, we will treat the plaintiff's land as composed of two tracts, the "New Domain tract" and the "Morgan Slone tract."

On April 21, 1903, the plaintiff signed a printed deed to the Northern Coal & Coke Company. This deed was a very elaborate affair, and the granting clause of it makes up five pages of the record before us. We shall not undertake to set out all the things that this deed purported to convey to the Northern Coal & Coke Company. It is sufficient to say that it conveyed the coal, minerals, oils, gases, salts, clays, ores, stones, slates and other subterranean substances. At the conclusion of the deed there was written into it with pen and ink the following clause:

"It is agreed that there is an oil lease on this land which lease, this deed is subject to said lease was given the New Domain Oil & Gas Company on the 15th day of January, 1902, also the oil and gas on or in the land covered by the Morgan Slone patent included in this deed is hereby excepted."

By mesne conveyances the Beaver Creek Consolidated Coal Company has become the owner of a portion of the land which Slone sold to the Northern Coal & Coke Company, and the Elkhorn Coal Corporation owns another portion. For the purposes of this opinion, it is needless that we inquire just how much each happens to own.

The plaintiff contends that the judgment of the lower court sustained his contention that by this clause there was excepted from the operation of this conveyance the oil and gas under all of the land described in the conveyance. The contention of the appellant is that the effect of this clause is to except and exclude from the operation of this conveyance the oil and gas under the Morgan

Slone tract, but it contends that the oil and gas under the New Domain tract was not excluded from the conveyance and that as the mesne grantee of the Northern Coal & Coke Company, it now owns the oil and gas under that part of the New Domain tract that belongs to appellant. The construction of this clause is the only question in this case, for unless the oil and gas under the New Domain tract was excluded from the operation of this conveyance by this clause, it clearly passed to the Northern Coal & Coke Company, and from it to the appellant.

The granting clause expressly included the oil and gas, hence, unless elsewhere excepted title to the oil and gas unquestionably passed from the plaintiff. While this clause was perhaps inaptly drawn and is apparently lacking in grammatical precision, there is absolutely nothing in its terms, particularly when considered in the light of the entire deed, as it must necessarily be, which should give rise to the slightest doubt as to what the parties intended.

In the case of Arnett v. Elkhorn Coal Corporation, 191 Ky 706, 231 S. W. 219, this court had before it for consideration one of these printed deeds, identical with the deed here. The clause written into that deed was, "It is understood that there is an oil and gas lease on this land, and the same is excepted from this conveyance." This court, in construing and harmonizing this clause with the granting clause, which, like the one here, conveyed all the minerals, said:

> "The language of this exception could only mean what it says, and that is,. there was then in existence a lease in the ordinarily accepted meaning of that term, upon the land, which authorized some one to operate on the land and to take therefrom oil and gas. . . . "

We are unable to distinguish that case from this one, or that clause from the first part of the clause written into the plaintiff's deed.

One of the first requirements of a valid exception in a deed is that apt words must be used. If the plaintiff had intended to exclude all the oil and gas in or under this land from the operation of this conveyance, it would only have been necessary for him to have said, "It is agreed that the oil and gas on or in the land covered by this deed is hereby excepted." There was no reason for

him to mention the lease or to say that the deed was taken subject to the lease, for if the oil and gas were to be excepted from the deed, then the grantee was in no wise interested in either the oil and gas or the lease; but if the oil and gas under the New Domain tract was to pass to the grantee, then we see very good reason why the plaintiff should mention the fact that the New Domain tract was under lease, in order to protect himself on his warranty of the title.

In Towns, et al. v. Brown, 114 S. W. 773, this court said: ''The law will not reserve anything out of a grant in favor of the grantor, except in case of necessity.''

It follows that the judgment, in so far as it adjudged the plaintiff to be the owner of the oil and gas in any part of this land other than the Morgan Slone tract, is erroneous. It is, therefore, reversed and the cause remanded for proceedings consistent herewith.