## ELK HORN COAL CORPORATION v. CASEBOLT.

Circuit Court of Appeals, Sixth Circuit. February 6, 1930.

No. 5243.

Hahn, District Judge, dissenting.

Edward C. O'Rear, of Frankfort, Ky., J. Woodford Howard, of Prestonsburg, Ky., and Allen Prewitt, of Frankfort, Ky., for appellant.

Samuel M. Wilson, of Lexington, Ky., H. H. Smith, of Hindman, Ky., and Wilson & Harbison, of Lexington, Ky., for appellee.

Before MOORMAN and HICKEN-LOOPER, Circuit Judges, and HAHN, District Judge.

MOORMAN, Circuit Judge. This case turns upon the construction of a mineral deed of July 23, 1903, from William Casebolt and his wife to the appellant's grantor. The granting clause purports to convey all coal, iron, oils, gasses, minerals, and mineral substances in a certain tract of land. Following this there is the phrase: "It is understood that there is an oil and gas lease on this tract of land, and grantor is to have the benefit of said lease." The lease which is referred to was executed by Casebolt on September 7, 1901, and was for a term of twenty years and as much longer as gas and oils could be produced in paying quantities. The lessor therein was to be given one-eighth of all the oil produced and sold from the premises, and the lessee agreed to pay $50 a year for each well drilled on the premises that produced gas only. The lessee also agreed to complete a well within one year from the date of the lease, or pay the lessor 10 cents an acre per annum, payable annually, until a well was completed or the lease surrendered. The lessee was given the right to surrender the lease at any time upon the payment of $2, and all amount due under the terms of the lease. This the lessee did in 1908.

It is clear that this lease did not effect an absolute or unconditional conveyance, but there remained in the grantor a reversionary interest to commence in possession after the expiration of the particular interest or estate granted, i. e., at the end of the twenty years if gas and oil were not then found in paying quantities, or upon the surrender or abandonment of the lease. This reversionary interest was alienable. Kentucky Statutes, §§ 2341 and 2359; Gillispie v. Blanton, 214 Ky. 49, 282 S. W. 1061; Stanley v. Slone, 216 Ky. 114, 287 S. W. 360. The question therefore is whether it passed under the deed under which appellant claims, or whether it was excepted therefrom or reserved to the grantor therein under the clause "and grantor is to have the benefit of said lease."

The term "benefit" as thus used in an oil and gas lease has no settled legal significance, and we have been referred to no case in which it has been considered in such circumstances. Looking to the instrument as a whole to determine its meaning, we note that it contains, in print, an unconditional grant of the oil and gas; that it contains certain reservations as to timber and agricultural rights, but no reservation as to the oil and gas; and under the printed word "exclusion" there was written into it the provision that the grantor was to have the benefit of the prior lease. It is also pertinent to note that unless there is an irreconcilable conflict between the written and printed matter in an instrument of this kind, it is the duty of the court to construe the instrument as a whole, so as to give effect to every part thereof. Ohio & Michigan Coal Co. v. Clarkson Coal Co., 266 F. 189 (6 C. C. A.); Lester v. Mid-South Oil Co., 296 F. 661 (6 C. C. A.).

It is not possible to give any effect to that part of the deed granting the oil and gas if the clause referring to the oil and gas lease has the effect of excluding or excepting all interests in the oil and gas rights. But the two may be construed together and each given effect—what seems to us to be their intended effect—by construing the latter clause as reserving to the grantor the rents and royalties to be derived from the oil and gas lease so long as it existed. If the clause had read, "It is understood there is an oil and gas lease on this tract of land," and stopped, then undoubtedly the appellant would have taken not only the reversionary interest in the oil and gas, but also the rents and royalties to be derived from the lease. Elkhorn Coal Corporation v. Slone, 210 Ky. 761, 276 S. W. 826. By adding the words, "and grantor is to have the benefit of said lease," it was intended, it seems to us, to reserve to the grantor nothing more than the benefits that would be derived from the carrying out of the lease—the rents and royalties and the use of gas for domestic purposes. The reversionary interest was a thing that was left in the grantor, after the lease was executed. It was subject to alienation independently of the rents and royalties. If it had been intended to reserve this interest, it could have been done by merely stating that the oil and gas were reserved or excepted from the conveyance. That was done as to the timber and a certain part of the land, but was not done as to the oil and gas; and in our opinion the grantor reserved to himself only the rents and royalties and other considerations which were given for the lease during its life, or so long as it existed.

Whether there may be a reformation of the deed is a question that was not presented to or decided in the court below and is not passed upon by this court; but for the reasons stated the decree is vacated and the cause remanded for further proceedings.

HAHN, District Judge, dissents.