## Harkins et al. v. Keith et al.

(Decided Nov. 27, 1936.)

J. D. HARKINS and WALTER S. HARKINS for appellants.

C. F. SEE, Jr., and B. M. JAMES for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

This controversy involves the ownership of mineral rights in a tract of 465.7 acres of land on the Lawrence fork of Cow creek in Floyd county. There is no dispute that at the time of his death William Goble was the owner in fee of the entire tract, or that appellants and appellees trace their respective claims of ownership to Wm. Goble's title. Wm. Goble died intestate about 1881 survived by his widow, Martha Goble, and eleven children, as follows: James Goble, G. W. Goble, J. W. Goble, C. C. Goble, J. H. Goble, Mary Goble, Martha Goble, Jane Goble, Frances Goble Harold, Eliza Goble Keith, and Jacob Goble. Since the death of William Goble, the first nine above named, have conveyed their interest in his real estate; the last two named have not.

The parties plaintiff below, appellees here, are the children and grandchildren of the daughter Eliza Goble Keith, deceased, and Mary Abbott, daughter of Jacob Goble.

The appellants are the widow and children of Walter S. Harkins, deceased. They own part of the minerals underlying the land through a deed executed to Walter S. Harkins and are claiming to own the interests of appellees by adverse possession. Mary Goble Abbott claims by virtue of a deed from her father, conveying his one-eleventh undivided interest in the land, and the heirs of Eliza Goble Keith claim by inheritance a one-eleventh interest, because their mother had never divested herself of title to her interest in either the land or minerals. In the proceedings below the plaintiffs sought recovery of their claimed proportion of the minerals. Issues were made by appropriate pleadings, and after much proof was taken the cause was submitted, the court adjudging that the heirs of Eliza Goble Keith were jointly entitled to one-eleventh of the minerals and Mary Abbott entitled to a like interest, and defendants appeal.

In July, 1883, Jeff Goble (J. H.) sold his interest in the land to his brothers C. C. and Wm. J. On June 16, 1890, Martha Goble, the widow, C. C. and Lizzie Goble and Frances Harold conveyed their undivided interests to Wm. J. Goble. The interest conveyed by the widow was her life estate. C. C. Goble conveyed his inherited interest plus the half interest he had bought from J. H. Goble.

On July 5, 1890, Wm. J. Goble and wife conveyed

to Walter S. Harkins the minerals underlying the described tract, reserving the timber and surface rights.

It is clear from the record that neither Eliza Goble Keith nor Jacob Goble joined in the deed to W. J. Goble, nor did either join in the deed from W. J. Goble and wife to Harkins; but it is claimed that Jacob had dispossessed himself, which conclusion may have been due to the fact that in the deed of June 16, 1890, from the widow and some of the children to Wm. J. Goble, this language occurred:

"The interests hereby conveyed are the undivided shares of C. C. Goble, Frances Harold, *Jacob* Goble, James Goble and one-half of H. J. Goble's and the life estate of Martha Goble."

Jacob's name did not appear in the caption, nor does it appear that he signed or acknowledged the deed. Lizzie Goble signed and acknowledged, but her name does not appear in the above-quoted portion of the deed. Plaintiffs undertook to establish by proof that Jacob had sold, or said he had sold, his interest. However, this is successfully denied and no record proof is produced showing a conveyance.

Walter S. Harkins died intestate February 20, 1920, leaving as survivors the appellees, defendants below. On April 25, 1922, the widow and heirs at law of Harkins executed a lease in the general form of such contracts, to the Ivyton Oil & Gas Company for prospecting, drilling and mining, and later the Kentucky-West Virginia Oil Company acquired this Ivyton lease. In December, 1930, the latter corporation began drilling operations, and by May 28, 1931, had brought in three producing wells. The first well was completed January 14, 1931.

Jacob Goble, son of intestate, by deed dated January 26, 1931, conveyed his undivided interest in the land to his daughter Mary Abbott. Her deed contained no reservation or exclusion of minerals. Martha Goble died October 14, 1917. There had been no setting aside to her of dower or partition of the land.

As to the surface, it appears from the record that upon the purchase of the tract by W. J. Goble, he took and had possession at the time of the conveyance of the minerals to Harkins (1890). Later (time not definitely

shown) he conveyed the surface to a man named Harris, who sold it to another Harris and his wife. They in turn sold to other parties, so that at the time of the suit the original tract had been subdivided and was owned and occupied by various persons who traced their titles to W. J. Goble. It is shown that claimants under the W. J. Goble deed had been occupying the land for as long as twenty-five years, but none of them have ever asserted, nor do they now assert, claim to the minerals.

It is claimed by appellant, and is shown by proof, that Eliza Goble Keith, the daughter of the original owner and mother and grandmother of the claimants of a one-eleventh interest, moved to the West about the year 1880, and that neither she nor any one for her, at any time since the death of Wm. Goble, came to Floyd county to look after her interest until about the time the drilling for gas had started. It is asserted, as to the alleged rights of appellees, that they having abandoned all interest in the land, Harkins' recorded deed from W. J. was sufficient notice of their title to the minerals, and they rely on adverse holding both as to the Keith heirs and Mary Abbott.

As to Mary Abbott's claim, it is also argued that since the deed to the mineral rights was recorded, and the vendees were claiming possession, her deed was champertous. Ky. Stats., sec. 210.

The law is that cotenants owning the surface hold for the benefit of the other cotenants. W. J. held it as trustee or cotenant until he sold to Harkins. The same is true as to the claim of the appellants as to the minerals. The appellees are cotenants with the Harkins' heirs, in so far as the minerals are concerned.

It was shown to the satisfaction of the court below and here, that W. J. Goble, as owner of the surface, with the exception of the interests of Mrs. Keith and Jacob Goble, occupied the relationship of trustees for the two named heirs. In Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W. (2d) 394, 397, quoting partly from McPherson v. Thompson, 203 Ky. 35, 261 S. W. 853, we wrote:

" 'The owner of the surface is regarded as trustee, in possession of the mineral for the use and benefit of the real owner, and he cannot acquire title by adverse possession to the mineral estate except in the way and manner which a trustee of other real

property may acquire title against the cestui que trust. He is subject to all the rules controlling other trustees in possession.' * * *

"Being trustees in possession, Valentine Gearheart and these defendants holding this surface under him could never, no matter how long they held this surface, by that possession disseise Laws and those claiming these minerals under him. * * * Being trustees in possession, they could not while that relation continued ever be in adverse possession of these minerals. A trustee in possession while such can never acquire title to the property of his cestui que trust by any length of possession, for his possession never becomes adverse."

We further said in the above case, citing authorities, that in order to acquire adverse possession the trustee must openly disavow or repudiate the trust and give the owner of this mineral estate notice thereof. So it is clear that by the conveyance of W. J. Goble of the mineral rights to Harkins, he did not, nor could he have conveyed such rights as he was holding for his cotenants. The effect of the conveyance by W. J. Goble to Harkins was, at once, to constitute Harkins a cotenant with those who had not theretofore conveyed their interests. York v. Warren Oil & Gas Company, 191 Ky. 157, 229 S. W. 114. Harkins became the trustee or cotenant in possession of the minerals, and held same for the use and benefit of those who had not conveyed.

In New Domain Oil & Gas Company v. McKinney, 188 Ky. 183, 221 S. W. 245, 250, wherein the facts were similar in some respects to the facts here, we held:

"So that, after the execution of the lease by J. F. McKinney to the Oil Company, it became a cotenant with plaintiff in the ownership of all of the oil under the land leased in proportion to the respective interests of the parties; i. e., the Oil Company owned six-sevenths undivided interest in the oil, and plaintiff one-seventh interest therein."

Appellants' contention that adverse possession began when the Harkins' mineral deed was recorded is not well grounded. In fact, that argument is fully answered in Piney Oil & Gas Co. v. Scott, supra, wherein we held that as to minerals "adverse possession means adverse occupation and user, which must be wrought on the prop-

erty in question. It cannot be wrought in the office of the county clerk no matter how many deeds or leases the would-be disseizor may record there." See, also, Smith v. Graf, 259 Ky. 456, 82 S. W. (2d) 461.

There is no proof here of occupancy or user at any time by the owners by deed of the mineral (prior to operation by the sublessees of Harkins) except a trace of evidence that in 1917 the mineral owner did some core drilling, which does not appear to have led to development. Even had there been some operation, such would not have affected the rights of the claimants here to enter, take possession, and use. One who wishes to effect a disseisin must do more than begin to use or to make a showing of beginning to operate. Piney Oil & Gas Co. v. Scott, supra; Flinn v. Blakeman, 254 Ky. 416, 417, 71 S. W. (2d) 961.

The contention that Mary Goble Abbott's deed was champertous is not well taken, since it appears that appellants' claim of adverse possession to the minerals is not sufficiently substantiated to support their claim. Having failed to establish title by adverse possession to the interest of Jacob Goble, it follows that the deed from him to his daughter was not champertous. Piney Oil & Gas Co. v. Scott, supra.

The chancellor below correctly held the heirs of Eliza Goble Keith and Mary Goble Abbott entitled to their undivided interests in the minerals.

Judgment affirmed.