SAULSBERRY v. MADDIX et al.

MADDIX et al. v. SAULSBERRY.
Nos. 8752, 8768.

Circuit Court of Appeals, Sixth Circuit.
Feb. 4, 1942.

432

H. R. Dysard, of Ashland, Ky. (Dysard & Dysard, of Ashland, Ky., on the brief), for E. L. Saulsberry, appellant and cross-appellee.

H. R. Wilhoit, of Grayson, Ky., for F. M. Maddix et al., appellees and cross-appellants.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

These appeals involve (1) the applicability of an exception narrowing and limiting the words of a deed from appellant, E. L. Saulsberry, in No. 8752 to appellee's predecessors in title, and (2) whether a deed from Mary Huntsman Griffith to appellant in No. 8752 was void because of champerty.

The facts are not in dispute and are substantially as follows:

In 1880, John R. Huntsman died intestate and left surviving him, his widow and six children, James, George, William, Franklin, Robert and Margaret Huntsman (Maddix). There was set aside out of his landed estate which was located in Kentucky, 154 acres as dower. In this record the actual survey shows there was in fact set aside only 152.5 acres.

In 1891, James Huntsman conveyed his undivided one-sixth interest in the dower tract to William Saulsberry and in 1899 this land passed by will to appellant, E. L. Saulsberry. In 1892, William Huntsman conveyed his one-sixth undivided interest to A. D. Saulsberry. In 1892, Margaret Maddix conveyed her one-sixth undivided interest to William Saulsberry. Sometime later one-sixth was reconveyed to her, the deed not shown in the record, and her interest of 38 acres was carved out of the whole tract and located in its southeast corner. In 1898, George Huntsman conveyed his one-sixth undivided interest to P. F. Maddix, who conveyed it to appellant E. L. Saulsberry in 1904. In 1898, Robert Huntsman conveyed his undivided one-sixth interest to Harry and Ray Saulsberry jointly and in 1901 Ray Saulsberry conveyed his one-twelfth interest to appellant, E. L. Saulsberry. Franklin Huntsman died intestate and his one-sixth undivided interest passed to his mother, Mary Huntsman Griffith. In 1908, Harry Saulsberry conveyed his undivided one-twelfth interest to A. D. Saulsberry, who conveyed it to appellant, E. L. Saulsberry, 1930. On December 16, 1938, Mary Huntsman Griffith conveyed all of her interest in the land including that inherited from her son, Franklin, to appellant E. L. Saulsberry.

On May 15, 1908, appellant E. L. Saulsberry and A. D. Saulsberry, who owned one-sixth of the dower tract, conveyed to appellee and cross-appellant, F. M. Maddix and E. T. and Wes Maddix, two tracts of land which were described in the deed by metes and bounds.

Immediately following the description of the first tract mentioned in the deed, which was the Huntsman dower tract, two exceptions were stated excluding from the conveyance two tracts of land each described by metes and bounds. Immediately following these exceptions the second tract of land conveyed was described by metes and bounds and immediately following its description there was stated the alleged source of title of the grantors to each of the tracts conveyed, following which there was an exception in the following language:

"There is reserved however and not herein conveyed all of the fire clay and other minerals on the foregoing described land lying below the level of the top of the rock cliff on the line of said land at Falls Smith branch, together with the right to remove said minerals from said land and to enter thereon for the purpose of making surveys of same."

E. T. and Wes Maddix conveyed their undivided two-thirds interest in the lands described to appellee and cross-appellant, F. M. Maddix who has been in continuous possession thereof since 1908.

E. L. Saulsberry, appellant and cross-appellee, on November 4, 1938, instituted this action for a trespass committed on the lands by the removal of minerals by F. M. Maddix, appellee and cross-appellant, and his lessees. Maddix answered contending (1) that the exception in the deed was void and that he had acquired title by adverse possession, (2) that the exception, if valid, applied only to the tract of land described immediately preceding the exception in the deed and not to the tract of land first described therein, (3) that the deed from Mary Huntsman Griffith was void because of champerty. The cause was submitted to the court for summary judgment on the pleadings. It found the exception valid and applicable to each tract of land described in the deed and also that appellee and cross-appellant, F. M. Maddix, had not acquired title to the minerals by adverse possession. It also found that the deed from Mary Huntsman Griffith to appellant and cross-appellee, F. M. Maddix, was void because of champerty. Both parties have appealed from this decree and urge on us the same issues presented below.

■ On May 15, 1908, the date of the deed in question, E. L. Saulsberry, appellant in No. 8752, and A. D. Saulsberry owned an undivided seven-twelfths interest in the dower tract of land described in the deed. According to the recitals of the deed they owned this entire tract and conveyed it all, excluding the exceptions, to appellee Maddix and his co-grantees. Appellee, F. M. Maddix, in No. 8768, urges on us that the exception in question was void under the rule that one holding an undivided interest in realty cannot create a new and different tenancy in common between his co-tenants and others in distinct parts of the common estate and cites in support of this contention the case of Adam v. Briggs Iron Company, 7 Cush. 361, 61 Mass. 361. The rule laid down in the cited case applies exclusively to controversies between co-tenants and has no application to transactions inter alios. It is clear that a co-tenant may deal with strangers as he will insofar as his own undivided moiety is concerned. In the case of Ball v. Clark, Trustee, 150 Ky. 383, 150 S.W. 359, 360, the court had before it the same question and answered it as follows:

"It is settled in Kentucky, in the case of Kincaid v. McGowan et al., 88 Ky. 91, 4 S.W. 802, 13 L.R.A. 289, and Stuart, Trustee, v. Commonwealth, 94 Ky. 595, 23 S.W. 367, that the surface ownership of land may be in one man and of the minerals in another; that both in such a case are landholders; that the owner of land may convey the surface to one and reserve to himself an estate in fee in the minerals, or vice versa, or may convey the surface to one and the minerals to another; that the effect of such a conveyance will be to create an estate separate and distinct in the sundered properties, the one from the other, entire and complete in fee simple. The deed, therefore, from Andrew Ball to Clark, trustee, is entirely valid inter partes."

■ The exception in the present deed as between the parties was valid and is enforceable, Laws v. Sturgill, 287 Ky. 37, 41, 151 S.W.2d 423.

■ A conveyance to a stranger to title by one co-tenant by an instrument purporting to pass the entire title in severalty and not merely such co-tenant's individual interest followed by an entry into open and exclusive possession by such stranger under claim of ownership and severalty, amounts to a disseisin of the other co-tenants, which if continued for the statutory period will ripen into good title by adverse possession. Greenhill v. Biggs, 85 Ky. 155, 2 S.W. 774, 7 Am.St.Rep. 579. Under this rule, appellee Maddix claims he has acquired by adverse possession, a three-twelfths undivided interest in the dower tract; in other words, he contends that the grantors in the deed while pretending to convey the whole of this tract only owned a seven-twelfths undivided interest therein and that two-twelfths had been carved out of the dower tract for Margaret Maddix, leaving paper title outstanding of three-twelfths of the whole to owners other than the grantors which interest he had acquired by unbroken adverse possession for a period of more than fifteen years.

■ The rule prevails in Kentucky that prior to a severance, mineral lands form no exception to the general rule that the title of the owner of real property includes not only the surface thereof, but also that which lies beneath and above it; therefore, an adverse possession to the surface of mineral lands before severance may ripen into title to the minerals as well as the surface. J. B. Gathright Land Company v. Begley, 200 Ky. 808, 255 S.W. 837. However, where there is a conveyance of

a fractional undivided interest in the minerals, or a conveyance of lands excepting a fractional interest in them, a severance of the mineral estate from the surface estate is affected and where such severance has occurred, the possession of the surface does not carry with it the possession of the minerals under the surface. Severance creates separate estates, which are held by separate and distinct titles, each being incapable of possession by the mere occupancy of the other. This is true even if the instrument constituting color of title purports to convey the entire property. Prewitt v. Bull, 234 Ky. 18, 278 S.W.2d 399; Franklin Fluorspar Company v. Hosick, 239 Ky. 454, 39 S.W.2d 665; Scott v. Laws, 185 Ky. 440, 215 S.W. 81, 13 A.L.R. 369; Farnsworth v. Barrett, 146 Ky. 556.

▮▮▮ Assuming that the exception in the deed includes the dower tract, appellee P. M. Maddix, has not had actual possession sufficient to oust the owners of the fire clay and other minerals of their title. His possession of the land from which the title to the minerals thereunder has been severed by the exception, does not give him possession of the underlying minerals. Although he acquired the surface and all other strata, he does not own the minerals described in the exception and his possession of the surface cannot be constructively extended to them. He can take possession only by actually and openly mining the minerals for more than the statutory period of limitation. This he has not done. Appellee has not acquired title by adverse possession to any part of the minerals underlying the lands.

As heretofore pointed out, the deed in question conveyed two separate, distinct tracts of land each described by metes and bounds. The first was the dower tract and at the end of its description, two smaller tracts, also described by metes and bounds, were excluded. The second tract was then described by metes and bounds and after stating the grantor's alleged source of title to each tract, there was an exception of the clay and other minerals "on the described land." From these facts appellee insists that the mineral reservation is applicable only to the tract of land immediately preceding the exception.

▮▮▮ The rule of law is uniform that a reservation may be inserted in any part of a deed and wherever such reservation appears the deed will be construed as a whole to give effect to it if possible, as well as to the granting clause. The courts endeavor to ascertain the intention of the parties, particularly the grantors, from a consideration of all parts of the deed in their relation to each other. If the language used is ambiguous, the subject matter and attendant circumstances will be considered and in the light of the rule that a grant is construed most strongly against a grantor, when the language of an exception casts doubt on the intent of the grantor, such doubt will be resolved in favor of the grantee. Jones v. American Association, 120 Ky. 413, 86 S.W. 1111; Allen v. Henson, 186 Ky. 201, 217 S.W. 120.

The draftsman of the present deed used the expression "there is excluded from the above tract" at the beginning of the first two exceptions in the deed. In the third exception, and the one here for construction he used the expression "there is reserved, however, and not herein conveyed."

▮▮▮ "Herein" as used in legal phraseology, is a locative adverb and its meaning is to be determined from the context. It may refer to a single paragraph, to a section, or to the entire contract in which it is used. Viewing the whole instrument for the purpose of arriving at the intention of the grantor, we are of the opinion that the word "herein" was used in reference to the entire land conveyed in both granting clauses. Every word in a deed, if possible, should have its proper effect and the meaning of one word or phrase may be ascertained by comparing it with other words or phrases in the same instrument and where words in one part of the instrument are construed according to their common law meaning, words in other parts thereof should ordinarily be given the same construction. Churchill v. Reamer, 8 Bush, Ky. 256. The word "herein" as used in the first exception of the deed is located by the word "tracts"; in the questioned exception it is located by the word "land."

▮▮▮ "Tract," as ordinarily understood, means contiguous bodies of land embraced in one deed. The land excepted out of the first tract in the present deed was not contiguous to the second tract. Therefore, the draftsman of the deed understood the necessity of referring to the first exceptions as "tracts" because the land was contiguous. The term "land,"

when used in an exception in a deed such as we have here, is ordinarily understood to refer to all of the tracts conveyed by the deed. Therefore, the draftsman of the deed understood the necessity of using the word "land" instead of "tract" in the questioned exception because he wished to exclude all the minerals under each tract conveyed.

If the parties had intended that the exception apply exclusively to the last tract, they could have so stated. Compare Elkhorn Coal Corp. v. Slone, 210 Ky. 761, 276 S.W. 826. In our opinion the questioned exception applied to all of the land conveyed under the present deed.

The appellee earnestly insists that the case of Pratt v. Boggs, 171 Ky. 106, 186 S.W. 901, 903, is decisive. In that case the deed described and conveyed two separate tracts of land. The description of the first tract concluded as follows: "* * * thence running down the river with the open line of said survey to the beginning so as to include all the land in said boundary, and one-half of the coal banks excepted to Alexander Combs." From that point on the second tract, which is about a mile distant from the first tract, is described in the following language: "Thence so as to include Alexander Combs' half of a survey made in the name of Alexander Combs and William Lusk, lying on the Pinching Rock branch and the river and all the stone coal is to belong to said Combs, except what coal said McIntire needs for his own use."

The parties there contended that all the minerals in the first tract were excepted because Alexander Combs only owned one-half of the second described tract, and it was his purpose in using the clause, "and one-half of the coal banks excepted to Alexander Combs" to apply that exception to the second tract only. The parties in the cited case urged the court to transpose the exceptions so that the one appearing at the close of the first tract would be attached to the second and that of the second tract attached to the first.

The court, in deciding that the deed there involved would not lend itself to such interpretation, said that to transpose the exceptions "does violence to the natural import of the language employed. As the excepting clauses appear in the deed, the first relates to one tract of land, while the second relates to another."

The distinction between the cited case and the one at bar is patent. Its rule of decision is applicable to the case here but to apply it as appellee contends would do violence to the natural import of the language used in the present instrument.

Under Section 210 of Carroll's Kentucky Statutes, 1936 Edition, "all sales or conveyances * * * of any lands, or the pretended right or title to the same, of which any other person at the time of such sale, contract or conveyance, has adverse possession, shall be null and void."

The evidence shows that on May 2, 1938, appellee, F. M. Maddix, leased to W. F. Saulsberry all the minable and marketable fire clay under the Huntsman dower tract and shortly thereafter the lessee and his assigns entered on the premises and commenced the removal of fire clay therefrom. This action was instituted November 4, 1938. Appellant, E. L. Saulsberry, on December 16, 1938, procured from Mary Huntsman Griffith a deed to all her right, title and interest to the minerals in place under the dower tract. Appellee, F. M. Maddix, urges that under these facts, the questioned deed was void under the above Champerty Statute of the Commonwealth of Kentucky, and the lower court sustained this contention.

This statute is highly penal and before its severe penalty of forfeiture becomes effective, one subjected to it should have fair knowledge that he was conveying lands then held and claimed adversely by another. A previous occupancy or claim, however notorious and sufficient, will not avail unless the facts show adverse occupancy contemporaneous with the deed sought to be evaded under it, as would have brought to the notice of an inquirer or intended purchaser, the fact of the occupier's hostile claim. General Refractories Company v. Morrison, 212 Ky. 411, 279 S.W. 651. Where by prior conveyance or reservation, the title to the minerals has been severed from title to the surface of land, a conveyance of the minerals would not be rendered champertous by another person's possession of the surface. Smith v. Graf, 259 Ky. 456, 82 S.W.2d 461; Hoskins v. Northern Lee Oil & Gas Company, 194 Ky. 628, 240 S. W. 377. Under this rule the possession by appellee Maddix of the surface did not make the present deed champertous. His entry into the minerals presents a different question. It is not essential that the adverse possession of the minerals should have continued for the period required

to give title by such possession, only that such adverse possession exist at the time of the conveyance. Stephenson Lumber Co. v. Hurst, 259 Ky. 747, 83 S.W.2d 48. If nothing else appeared, appellee's entry and removal of the minerals would be sufficient to bring the statute into play but under the laws of Kentucky co-tenants owning the minerals hold for the benefit of other co-tenants, and the owner of the surface is regarded as trustee in possession of the minerals for the use and benefit of the real owners and because of such trusteeship he cannot acquire title by adverse possession for the purposes of the Champerty Statute so long as possession of the surface remains with him. Harkins v. Keith, 267 Ky. 353, 102 S.W.2d 5.

The contention that the Mary Huntsman deed was champertous is not well taken since it appears that appellee. was her co-tenant in the minerals and held the surface as trustee for her at the time the deed in question was made.

The lower court, in its judgment, decreed E. L. Saulsberry, appellee in No. 8768, the owner in fee of nine acres which were not described or claimed in appellee's original or amended petition. F. M. Maddix, appellant in No. 8768, prays that the cause in any event be reversed with directions to the lower court to eliminate from its judgment the nine acres therein described.

There being no pleading or evidence in the record relating to this particular tract, the adjudication of its ownership to the appellee was error [Drybrough v. Ware, 6 Cir., 111 F.2d 548], but reversal is not necessary in order to correct the error.

The judgment in No. 8752 is modified by striking out the phrase "E. L. Saulsberry is the owner of five-sixths of the fire clay in, on and under the following tract of land" and inserting in lieu thereof that "the plaintiff, E. L. Saulsberry, as between himself and the defendants, F. M. Maddix, Malinda Maddix, W. F. Saulsberry and Geo. A. Saulsberry, is the owner of all the fire clay in, on and under the following tract of land."

Said judgment is further modified by striking out the phrase "The fee in nine acres described herein as Exhibit J represented by a patent from the Commonwealth of Kentucky to E. L. Saulsberry.".

The judgment as thus modified is affirmed.

The appeal in No. 8768 wherein F. M. Maddix et al., are appellants, and E. L. Saulsberry is appellee, is dismissed.