HAWTHORNE, Justice
(dissenting).
The sole question presented by this appeal is whether the delay rental payment in the amount of $120, due on or before January 30, 1946, under the terms of an oil and gas lease executed by defendant landowner, Furlow, in favor of the lessee, Nesbitt, Jr., who subsequently assigned it to plaintiff, was properly paid. Plaintiff, The Atlantic Refining Company, timely deposited in the depositary bank named in' the lease $60 to the credit of the landowner and lessor, Furlow, and $60 to the credit of Shell Oil Company, Inc., the purchaser of one-half of the minerals under all of the property described in the lease.
After the execution of the lease providing for the delay rental in controversy, the landowner conveyed to the Shell Oil Company, Inc., one-half of the minerals under the entire tract described in the lease, the conveyance clause in this instrument reading as follows: “L. C. Furlow * * do [does] hereby Grant, Bargain, Sell and Convey unto the said Grantee [Shell Oil Company, Inc.] One half (%) of the oil, gas, sulphur and other minerals, * * * in, on and under the following described land * * (All italics mine.)
In a subsequent paragraph certain words were deleted by drawing a line through them, and this paragraph, with the deleted words omitted, reads as follows: “For the same consideration, and as part of the interest hereinabove conveyed, Grantor hereby Grants, Bargains, Sells and Conveys unto Grantee ... One half (y2) .......of all of the royalties, and other benefits, accruing under any valid oil, gas or mineral lease or servitude on said property which has heretofore been filed for record, or which may be filed for record prior to the filing for record of this grant, insofar as any such lease or servitude covers the *597 land hereinabove described and referred to, or any part thereof.”
Plaintiff-appellee in my opinion correctly states the law to be that the right to receive delay rental under an oil and gas lease is an incident and appurtenant right to a mineral title, and that, when a landowner conveys a fractional interest in the oil, gas, and other minerals under his property which he has previously encumbered with an oil and gas lease, and does not specifically reserve to himself the delay rentals falling due under such lease, the mineral conveyance carries with it, and •entitles the grantee of the mineral deed to, Lis proportionate part of the delay rental payable under the lease. The following authorities which plaintiff cites support it in its view of the law: Elk Horn Coal Corporation v. Casebolt, 6 Cir., 38 F.2d 37; Bennett v. Robinson, La.App., 25 So.2d 641; Union Sulphur Co., Inc., v. Lognion et al., La.App., 26 So.2d 845; Wright et al. v. Carter Oil Co. et al., 97 Okl. 46, 223 P. 835; Harris v. Currie et al., 142 Tex. 93, 176 S.W.2d 302; Humble Oil & Refining Co. et al. v. Harrison, 146 Tex. 216, 205 S.W.2d 355.
The real problem in this case is whether the paragraph containing the deleted words is sufficient expressly to reserve to the landowner, Furlow, the right to receive all the delay rental under the lease previously granted by him to Nesbitt, assignor of Atlantic.
In my opinion plaintiff herein is a third party insofar as the mineral deed is concerned, and in construing the deed, as such third party, was under no duty to consider or give effect to the words deleted by the parties thereto. Since the instrument in its entirety is free from ambiguity, when read without the deleted words, the lessee, Atlantic Refining Company, was not required to read the deleted words in connection with the instrument as written in order to determine the intent of the parties. Furthermore, in my opinion, this court has no cause to consider the deleted words in determining the intent of the parties and the meaning of the instrument. Our Civil Code in Title IV, Of Conventional Obligations, Section 5, of the Interpretation of Agreements, Article 1945, par. 3, charges us “That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences”. The words of this agreement are clear and unambiguous and lead to no absurd consequences, and by them Furlow conveyed unto Shell one-half of all the royalties and other benefits accruing under any valid oil, gas, and mineral lease on the property which had theretofore been filed for record. Certainly the delay rental is a benefit accruing under a valid oil and gas lease. By this clause conveyance was made of one-half of the amount of the delay rental, and I cannot read therein the specific reservation of the delay rental which is necessary to circumvent the general conveyance clause under the jurisprudence. If *599 this instrument does not embody the intention of the parties thereto, the remedy is to have the instrument reformed to express that intention, and not to read into the instrument a provision that is wholly absent by implying a positive intent from words which were deleted from the instrument entirely.
As appellee says in its brief, “ * * * defendants are each claiming that a reservation was made in the mineral deed not by virtue of the words contained in the deed but by virtue of words -not contained in the deed”.
To say the most, the reservation, if there is one, is by implication only. From my understanding of the law on this matter there must be some positive evidence of the reservation, and certainly something more than the negative inference relied on here.
In my opinion the majority opinion, in effect, reforms the instrument to show the true intention of the parties to it, and gives such reformation a retroactive effect to the prejudice of the third party herein.
The majority opinion emphasizes and considers significant a statement in a letter from the plaintiff to Shell on February 21 to the effect that “It would appear, however, that all rental payments should have gone to Mr. L. C. Furlow.” The instrument enclosed with this letter shows that the plaintiff did not consider that it had interpreted the instrument erroneously. The majority opinion says of this document : “ * * * The enclosed document was an instrument reciting the acquisition by Shell, the prior execution of the lease by Furlow to Nesbitt and its assignment to plaintiff, an acknowledgment that despite the terms of the mineral deed it was the intention of Furlow and Shell that the entire delay rental should be paid to Furlow * !¡S * ”
The only significance that can be given to this letter and the enclosed document,, in my opinion, is that it showed Atlantic’s desire to pay the rental to the satisfaction of the parties to the instrument regardless of its meaning.
Atlantic paid the rental correctly to-continue the lease in effect, and for this, reason I respectfully dissent.